CHYANNE DABNEY, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below-Appellee.
No. 512, 2009.
Supreme Court of Delaware.
Submitted: January 6, 2010.
Decided: March 1, 2010.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 1st day of March 2010, it appears to the Court that:
(1) Defendant-Appellant Chyanne Dabney ("Dabney") appeals from the Superior Court's denial of his motion for post-conviction relief. Dabney contends that the Superior Court abused its discretion when it denied post conviction relief on his claim that his counsel was ineffective by limiting a speedy trial claim on his direct appeal to his conviction of rape second degree. Specifically, he argues that his expressions of remorse at resentencing should not have been considered in the evaluation of the merit of his claim. The Superior Court determined from the record before it that Dabney instructed counsel to only appeal the rape conviction and that Dabney cannot later complain that counsel performed deficiently in following his instruction. We agree and find no merit to Dabney's appeal. Accordingly, we affirm.
(2) On November 21, 2005, Dabney was arrested on three counts of sexual solicitation of a child, three counts of possession of child pornography, and three counts of second degree rape. As we recounted in Dabney v. State[1], the facts which led to Dabney's convictions were:
In November 2005, Dabney's girlfriend, Maribel Pagan, found a black bag in Dabney's closet containing a vibrator and three Polaroid pictures of Dabney's 12 year old daughter, Meghan, posing naked with the vibrator. Pagan ran home and called the police, who executed a search warrant at Dabney's home. The police found the vibrator in a plastic bag in the closet, as well as a Polaroid camera, a green towel, and female clothing visible in the photos. DNA tests revealed that both Dabney's and Meghan's DNA on the base of the vibrator. Dabney later wrote to Pagan and admitted that he had taken the photos of Meghan.[2]
(3) After Dabney's arrest, there were numerous delays and the case did not reach trial for more than a year after Dabney was initially incarcerated. Dabney was convicted of one count of Rape Second Degree, three counts of Sexual Exploitation of a Child, and three counts of Possession of Child Pornography. Dabney was sentenced to 16 years at Level 5 followed by probation.
(4) On direct appeal, we reversed Dabney's second degree rape conviction because of a violation of his right to a speedy trial. We noted that:
Most speedy trial violations result in dismissal of an indictment. Dabney, however, claims only that the delays in prosecuting the Rape Second Degree charges prejudiced him and claims no prejudice from the delayed prosecution on the balance of the charges. Counsel confirmed this remarkable position at oral argument on appeal.[3]
(5) On remand, the Superior Court sentenced Dabney to 12 years at Level V followed by probation. Dabney's appellate counsel stated at re-sentencing that "Mr. Dabney instructed me as his attorney only to seek reversal of the one offense for which he believed he did not commit..." Counsel stated specifically:
What concerns me the most is that he in this case sought justice and justice only, and the Delaware Supreme Court even noted that it was a remarkable position that we took in asking only for [the second degree rape] offense to be reversed.
It is well-established throughout the entire country that the appropriate remedy for a speedy-trial violation is dismissal of the entire indictment. But Mr. Dabney instructed me as his attorney to seek only the reversal of the one offense for which he believed he did not commit...
(6) Dabney expressed remorse for his crimes at his sentencing hearing. Dabney appealed his sentence to this Court, which affirmed the sentence. After Dabney's sentence was affirmed, he was appointed new counsel and filed a motion for post-conviction relief pursuant to Rule 61. The Superior Court denied Dabney's motion for post-conviction relief and this appeal followed.
(7) We review the Superior Court's decision to deny post-conviction relief for abuse of discretion.[4] A finding of abuse of discretion will result if the Superior Court has "exceeded the bounds of reason in view of the circumstances, [or]...so ignored recognized rules of law or practice so as to produce injustice."[5] However to the extent that Dabney alleges violations of his constitutional rights, he raises questions of law, which we review de novo.[6]
(8) It is well-established that in order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test set out in Strickland v. Washington:[7] (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) if counsel was deficient, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] As to the first prong of the test, there is a "strong presumption that the representation was professionally reasonable."[9] Regarding the second prong, the burden is on the defendant to make concrete and substantiated allegations of prejudice.[10]
(9) Prejudice in this context is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[11] The "failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel."[12] "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[13] "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[14]
(10) For "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,"[15] "courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[16]
(11) The choice to appeal is controlled by a defendant.[17] "A defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently."[18]
(12) Dabney contends that the record does not reflect any explicit instructions given by Dabney to appeal only the second degree Rape convictions. On two separate occasions Dabney's previous counsel represented that Dabney elected not to appeal the majority of his convictions. First, his counsel confirmed what we described as a "remarkable position" at the oral argument held before this Court on direct appeal.[19] Second, at Dabney's re-sentencing his counsel stated "Mr. Dabney instructed me as his attorney to seek only the reversal of the one offense for which he believes he did not commit...."
(13) The Superior Court based its findings of fact on a review of Dabney's re-sentencing hearing. Dabney never disputed his counsel's statement, that he gave the instruction to only appeal his rape conviction. The Superior Court held:
It is clear from the two sentencing transcripts in this case that Defendant admitted to his actions, except for the rape and sought to take responsibility for those actions. At his first sentencing, defense counsel stated: "I do want to emphasi[ze] to the court that my client has always been remorseful for this...The only thing that he has contested is [whether] there was, in fact, penetration." (citation omitted) At his first sentencing, defense counsel stated: "I've always from the beginning admitted to what I have done. I just wanted to be held responsible fro what I did do [and] get treatment for what I have done; I feel justice has been served." (citation omitted)
Given that it was Defendant's decision to only appeal the rape conviction (apparently because as to the other charges he felt remorseful and thought he should be justly punished), he cannot now claim that his counsel was ineffective for failing to appeal his other convictions. Defense counsel's "role as the advocate requires that he support his client's appeal to the best of his ability." (citation omitted) That is precisely what defense counsel did in this case.
(14) Dabney repeatedly expressed in open court his desire to accept responsibility for his actions.[20] Dabney has not proven that his counsel's representation fell below an objective standard of reasonableness or that he has suffered the requisite prejudice necessary to overturn a conviction under Strickland. The record supports the Superior Court's finding that Dabney instructed his counsel to only appeal his rape second degree conviction. The Superior Court did not abuse its discretion by considering the entire record, including Dabney's statements at his sentencing hearings, in making that determination. Dabney cannot complain that his counsel performed deficiently in following his instruction not to appeal the companion charges.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 2009 WL 189049 (Del. Jan. 14, 2009).
[2] Id at *1.
[3] Dabney v. State, 953 A.2d 159, 163 (Del. 2008).
[4] Outten v. State, 720 A.2d 547, 551 (Del. 1998); Dawson v. State, 673 A.2d 1186, 1190 (Del.1996); Allen v. State, 644 A.2d 982, 985 (Del. 1994).
[5] Edwards v. State, 925 A.2d 1281, 1284 (Del. 2007) (citing McGriff v. State, 781 A.2d 534, 537 (Del. 2001)); Baumann v. State, 891 A.2d 146, 148 (Del. 2005).
[6] Outten, 720 A.2d at 551; Dawson, 673 A.2d at 1190.
[7] 466 U.S. 668, 688, 694 (1984).
[8] Id.
[9] Dawson v. State, 673 A.2d 1186, 1196 (Del. 1996) (citing Flamer v. State, 585 A.2d 753, 753-754 (Del. 1990)).
[10] Id. (citing Wright v. State, 671 A.2d 1353, 1356 (Del. 1996)).
[11] Id.
[12] Id. (citing Flamer v. State, 585 A.2d at 753).
[13] Strickland v. Washington, 466 U.S. at 697.
[14] Id.
[15] Id. at 690.
[16] Id. at 689 (quotations and citations omitted).
[17] Jones v. Barnes, 463 U.S. 745, 751 (1983).
[18] Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Jones, 436 U.S. at 751).
[19] Dabney, 953 A.2d at 163 ("Most speedy trial violations result in dismissal of an indictment. Dabney, however, claims only that the delays in prosecuting the Rape Second Degree charges prejudiced him and claims no prejudice from the delayed prosecution of the balance of the charges. Counsel confirmed this remarkable position at oral argument on appeal.").
[20] See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")