IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TREMEIN HOSKINS, | § | |
| | § | No. 71, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below:  Superior Court |
| | § | of the State of Delaware in and |
| | § | for Kent County |
| v. | § | |
| | § | |
| | § | |
| STATE OF DELAWARE, | § | ID No. 0809018844 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |
| | § | |

Submitted: June 30, 2014
Decided: September 22, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **RIDGELY**, Justices.

Upon appeal from the Superior Court.  **AFFIRMED.**

Santino Ceccotti, Esquire, of Wilmington, Delaware for Appellant.

John Williams, Esquire, of the Department of Justice, Dover, Delaware for Appellee.

**RIDGELY**, Justice:

Defendant-Below/Appellant Tremein Hoskins appeals from a Superior Court order denying his Rule 61 Motion for Postconviction Relief following his conviction of murder second degree. Hoskins raises five arguments on appeal, all related to the performance of his trial counsel. First, Hoskins argues that the Superior Court erred in relying on his counsel's affidavit in response to Hoskins' Motion for Postconviction Relief, creating a structural error that violated his Sixth Amendment right to counsel. Second, Hoskins contends that his counsel was ineffective when he failed to request an accomplice credibility jury instruction. Third, Hoskins argues that his counsel was ineffective when he failed to request a single theory unanimity jury instruction. Fourth, Hoskins contends his trial counsel was ineffective when he failed to object to the admissibility of out-of-court statements made by his accomplice. And fifth, Hoskins argues that the cumulative effect of trial counsel's actions resulted in an unfair trial.

We find no merit to Hoskins' appeal. Accordingly, we affirm.

## I.    *Facts and Procedural History*[1]

On December 10, 2009, Hoskins was convicted in Superior Court of Murder in the Second Degree for his involvement in the shooting death of Brandon Beard.

---

[1] Unless otherwise noted, the facts underlying Hoskins' conviction are laid out in detail in our opinion in his direct appeal. *Hoskins v. State* (*Hoskins I*), 14 A.3d 554, 556–59 (Del. 2011), *overruled by Brooks v. State*, 40 A.3d 346 (Del. 2012).

He appealed his conviction to this Court, claiming that the Superior Court committed plain error by failing to give jury instructions on accomplice credibility and single theory unanimity and by admitting his accomplice's out-of-court statements without technically complying with the foundation requirements of 11 *Del. C.* § 3507.[2] We found no merit to Hoskins' appeal and affirmed.

In 2012, Hoskins, through new counsel, filed a Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61, requesting a new trial on the grounds of ineffective assistance of counsel. The trial judge referred Hoskins' motion to a Superior Court Commissioner for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b)(1)(b)[3] and Superior Court Criminal Rule 62(a)(5).[4] The Commissioner ordered Hoskins' trial counsel to file an affidavit with the court. In his affidavit, trial counsel admitted to "oversights" with regard to the accomplice credibility instruction and the accomplice's out-of-court statements but denied that any of the actions advanced by Hoskins amounted to ineffective assistance of counsel. The Commissioner agreed, finding that none of the grounds that Hoskins alleged prejudiced him. Hoskins objected to the Commissioner's report before the Superior Court judge. He argued that the

---

[2] *Hoskins I*, 14 A.3d at 555–56.

[3] 10 *Del. C.* § 512(b)(1)(b) ("A judge may also designate a Commissioner to conduct hearings, including evidentiary hearings, and to submit to a judge of the Court proposed findings of fact and recommendations . . . .").

[4] Super. Ct. Crim. R. 62(a)(5) (permitting Commissioners to conduct case-dispositive evidentiary hearings, and to submit to the court proposed findings of fact and recommendations).

Commissioner's reliance on trial counsel's affidavit was improper and that the Commissioner erred in not finding trial counsel's failure to request the accomplice credibility instruction to be ineffective assistance of counsel. The Superior Court judge conducted a *de novo* review, adopted the Commissioner's report and recommendation, and denied postconviction relief. This appeal followed.

## II. *Discussion*

"We review a Superior Court judge's denial of a Rule 61 motion for postconviction relief for abuse of discretion."[5] Constitutional questions and other questions of law are reviewed *de novo*.[6] "'We generally decline to review contentions not raised below and not fairly presented to the trial court for decision' unless we find 'that the trial court committed plain error requiring review in the interests of justice.'"[7] This standard requires an "error so 'clearly prejudicial to [a defendant's] substantial rights as to jeopardize the very fairness and integrity of the trial process.'"[8]

---

[5] *Neal v. State*, 80 A.3d 935, 941 (Del. 2013) (citing *Ploof v. State*, 75 A.3d 811, 819 (Del. 2013)).

[6] *Ploof*, 75 A.3d at 820 (citing *Swan v. State*, 28 A.3d 362, 382 (Del. 2011)).

[7] *Banks v. State*, 93 A.3d 643, 651 (Del. 2014) (quoting *Turner v. State*, 5 A.3d 612, 615 (Del. 2010)) (citing Del. Supr. Ct. R. 8).

[8] *Ozdemir v. State*, 2014 WL 3644566, at *3 (Del. July 3, 2014) (quoting *Bullock v. State*, 775 A.2d 1043, 1046–47 (Del. 2001)) (alteration in original).

*Reliance on Hoskins' Trial Counsel's Affidavit*

Hoskins first contends that this Court should reverse because the Commissioner relied upon his trial counsel's affidavit, which included legal arguments contrary to Hoskins' interest. Hoskins argues that this affidavit violated the Delaware Lawyers' Rules of Professional Responsibility and should not have been considered by the Commissioner.

Supreme Court Rule 8 provides that "[o]nly questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, [this] Court may consider and determine any question not so presented." [9] Hoskins did not move to strike trial counsel's affidavit at the proceeding before the Commissioner. Instead, he objected to it for the first time on appeal to the Superior Court trial judge—well after the Commissioner issued her report and recommendation. The Superior Court then rejected Hoskins' argument, finding that trial counsel did not make legal arguments contrary to Hoskins' intent, but "simply briefly summarized some of the known evidence," and that "the Commissioner analyzed the evidence herself."[10] The trial judge also reviewed the evidence against Hoskins in his *de novo* review of the judgment. In any case, because Hoskins failed to raise this issue in the first instance below, his first claim is waived. Even if not waived, Hoskins has not shown reversible error.

---

[9] *See* Del. Supr. Ct. R. 8.

[10] Appellant's Op. Br. Appendix at A97.

Hoskins' remaining claims all allege instances of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. The State answers that Hoskins' ineffective assistance claims are procedurally barred under Superior Court Rule 61(i) and under the law of the case doctrine.

Rule 61(i)(4) provides that "[a]ny ground for relief that was formerly adjudicated . . . in an appeal, [or] in a postconviction proceeding . . . is thereafter barred . . . ."[11] Similarly, "[u]nder the law of the case doctrine, issues resolved by this Court on appeal bind the trial court on remand, and tend to bind this Court should the case return on appeal after remand."[12] "The 'law of the case' is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation."[13] "The law of the case doctrine requires that there must be some closure to matters already decided in a given case by the highest court of a particular jurisdiction . . . ."[14] Yet the doctrine "is not inflexible in that, unlike *res judicata*, it is not an

---

[11] Super. Ct. Crim. R. 61(i)(4).
[12] *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1198 (Del. 2000).
[13] *Kenton v. Kenton*, 571 A.2d 778, 784 (Del. 1990) (citing *Frank G.W. v. Carol M.W.*, 457 A.2d 715, 718 (Del. 1983)).
[14] *Gannett Co.*, 750 A.2d at 1181.

*absolute* bar to reconsideration of a prior decision that is clearly wrong, produces an injustice or should be revisited because of changed circumstances."[15]

Despite the State's arguments, neither Superior Court Rule 61(i)(4) nor the law of the case doctrine bars this Court's consideration of Hoskins' ineffective assistance of counsel claims. Finding on direct appeal that the trial court did not commit plain error does not equate to a prior adjudication of Hoskins' ineffective assistance of counsel claim. Even though the law of the case doctrine may guide elements of our analysis, it does not bar Hoskins from making an ineffective assistance of counsel claim, which is a separate issue from whether the trial judge plainly erred. Thus, the State's contention that Hoskins' ineffective assistance claims are procedurally barred is without merit.

Turning to the merits of Hoskins' appeal, an ineffective assistance of counsel claim requires a defendant to satisfy the two-pronged test set out in *Strickland v. Washington*.[16] First, the defendant must show that counsel's performance was deficient, "meaning that 'counsel's representation fell below an objective standard of reasonableness.'"[17] If counsel is shown to be deficient, then the defendant must demonstrate prejudice from counsel's error.[18]

---

[15] *Id.* (citing *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998); *Zirn v. VLI Corp.*, 681 A.2d 1050, 1062 n.7 (Del. 1996)).
[16] 466 U.S. 668 (1984).
[17] *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)).
[18] *Strickland*, 466 U.S. at 687.

A defendant bears a heavy burden when trying to show that trial counsel's representation fell below an objective standard of reasonableness.[19] In order to eliminate "the distorting effects of hindsight," there is a strong presumption that trial counsel's representation was professionally reasonable.[20] "If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options,' that decision is 'virtually unchallengeable' . . . ."[21] Thus, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[22]

*Strickland*'s second prong requires the defendant to show how counsel's error resulted in prejudice. Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[23] "Mere allegations of ineffectiveness will not suffice. A defendant must make specific allegations of actual prejudice and substantiate them."[24] The "failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel."[25] "In

---

[19] *Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997).

[20] *Id.* at 1178 (quoting *Strickland*, 466 U.S. at 689); *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996); *see also Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.").

[21] *Ploof*, 75 A.3d at 852 (quoting *Strickland*, 466 U.S. at 690–91).

[22] *Strickland*, 466 U.S. at 687.

[23] *Id.* at 694.

[24] *Wright*, 671 A.2d at 1356.

[25] *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

8

particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[26]

   1. *Trial Counsel's Failure to Request an Accomplice Credibility Instruction Did Not Constitute Ineffective Assistance of Counsel*

In Delaware, "[a] defendant has no right to have the jury instructed in a particular form. However, a defendant is entitled to have the jury instructed with a correct statement of the substantive law."[27] In *Bland v. State*, this Court suggested a model instruction that trial judges should provide where there is conflicting testimony of an accomplice. The instruction provides:

> A portion of the evidence presented by the State is the testimony of admitted participants in the crime with which these defendants are charged. For obvious reasons, the testimony of an alleged accomplice should be examined by you with suspicion and great caution. This rule becomes particularly important when there is nothing in the evidence, direct or circumstantial, to corroborate the alleged accomplices' accusation that these defendants participated in the crime. Without such corroboration, you should not find the defendants guilty unless, after careful examination of the alleged accomplices' testimony, you are satisfied beyond a reasonable doubt that it is true and that you may safely rely upon it. Of course, if you are so satisfied, you would be justified in relying upon it, despite the lack of corroboration, and in finding the defendants guilty.[28]

---

[26] *Dabney v. State*, 991 A.2d 17, 2010 WL 703108, at *2 (Del. Mar. 1, 2010) (quoting *Strickland*, 466 U.S. at 697).

[27] *Claudio v. State*, 585 A.2d 1278, 1282 (Del. 1991) (quoting *Miller v. State*, 224 A.2d 592, 596 (Del. 1966)).

[28] *Bland v. State*, 263 A.2d 286, 289–90 (Del. 1970).

In the years following *Bland*, we rejected challenges where the instructions departed from the specific wording in *Bland*. On multiple occasions we found accomplice testimony instructions acceptable "so long as they are accurate and adequately explain the potential problems with accomplice testimony."[29] In *Cabrera v. State*, we held that a modified *Bland* instruction was adequate where it "warn[ed] the jurors that accomplice testimony may be suspect because of the accomplice's self-interest and his plea agreement."[30] In *Bordley v. State*, we explained that there was no error where the pattern jury instruction warned that the accomplice testimony "may be affected by self-interest, by an agreement she may have with the State, by her own interest in the outcome, and by prejudice against the defendant."[31]

In a later case, *Smith v. State*, we explained that "trial counsel's failure to request [a *Bland*] instruction will not always be prejudicial *per se*."[32] Rather, "[t]he prejudicial effect depends upon the facts and circumstances of each particular case."[33] Nonetheless, we found that the defendant in *Smith* did receive

---

[29] *Brooks v. State*, 40 A.3d 346, 349 (Del. 2012).
[30] *Cabrera v. State*, 747 A.2d 543, 545 (Del. 2000), *overruled by Brooks v. State*, 40 A.3d 346 (Del. 2012).
[31] *Bordley v. State*, 832 A.2d 1250, 2003 WL 22227558, at *2 (Del. Sept. 24, 2003).
[32] *Smith v. State*, 991 A.2d 1169, 1180 (Del. 2010), *overruled by Brooks v. State*, 40 A.3d 346 (Del. 2012).
[33] *Id.*

10

ineffective representation when trial counsel failed to request an accomplice instruction.[34]

In *Hoskins v. State*, we considered whether it was plain error when a judge failed *sua sponte* to give an accomplice credibility instruction.[35] We explained that "*Smith* did not create such a broad rule."[36] This is because the case depended on the procedural posture. In *Smith*, "the defendant moved for postconviction relief on the ground that his counsel was ineffective for failing to request a *Bland*-type of instruction. The *Smith* court held that a trial judge is required to give a *Bland*-type of instruction, *upon request*, when accomplice testimony is presented."[37] Thus, it was not plain error for a trial judge to fail to give *sua sponte* an accomplice credibility instruction—especially when the claim was brought on direct appeal.[38]

In 2012, we overruled *Cabrera*, *Bordley*, *Smith*, and *Hoskins* when we decided *Brooks v. State*.[39] In that case, we announced a new rule that requires a trial court to provide a specific *Bland* instruction any time an accomplice witness testifies.[40] We explained that the new rule announced in *Brooks* would not be

---

[34] *Id.*
[35] *Hoskins I*, 14 A.3d at 562.
[36] *Id.*
[37] *Id.* (emphasis in original).
[38] *Id.*
[39] *Brooks*, 40 A.3d at 348–50.
[40] *Id.* at 350. The specific instruction reads:
> A portion of the evidence presented by the State is the testimony of admitted participants in the crime with which these defendants are charged. For obvious reasons, the testimony of an alleged accomplice

retroactive and there would be no plain error where a trial judge provides an instruction that "correctly applied the law as it existed on the day [the trial judge] instructed the jury."[41] Thus, for cases decided before *Brooks*, our analysis on postconviction review of a *Bland* claim is governed by the case law controlling at the time of the trial. Here, the trial date was December 9, 2009, which is prior to our decisions in *Smith v. State* and *Brooks v. State*. Thus, the holdings from *Smith* or *Brooks* are inapplicable to our determination of whether the failure to request the *Bland* instruction was erroneous or prejudicial.

Despite this, we observed in *Neal v. State*, a similar Rule 61 case, that "[t]hough we do not require lawyers to predict the future, [*Smith* and *Brooks*] only underscore the concerns that this Court has long recognized: a decision not to request a *Bland* instruction is not a product of trial strategy."[42] Here, the State has not pointed to any trial strategy that would result in trial counsel not requesting a *Bland* instruction. Moreover, trial counsel admitted here that his failure to do so

---

> should be examined by you with more care and caution than the testimony of a witness who did not participate in the crime charged. This rule becomes particularly important when there is nothing in the evidence, direct or circumstantial, to corroborate the alleged accomplices' accusation that these defendants participated in the crime. Without such corroboration, you should not find the defendants guilty unless, after careful examination of the alleged accomplices' testimony, you are satisfied beyond a reasonable doubt that it is true and you may safely rely upon it. Of course, if you are so satisfied, you would be justified in relying upon it, despite the lack of corroboration, and in finding the defendants guilty.

*Id.* (citing *Bland*, 263 A.2d at 289–90).

[41] *Id.* at 351.

[42] *Neal v. State*, 80 A.3d 935, 944 (Del. 2013).

was an "oversight,"[43] one which we held "amount[ed] to deficient performance" in a factually similar case.[44] We therefore conclude that trial counsel's performance in failing to request a *Bland* instruction in this case "fell below an objective standard of reasonable attorney conduct"[45] and amounted to deficient performance under *Strickland*'s first prong.

Even though trial counsel's failure in this case to request a *Bland* instruction was deficient, Hoskins has not shown prejudice under the second prong of *Strickland*. The record shows that there was not a reasonable likelihood that the result at trial would have been different if trial counsel had requested a *Bland* instruction, and the trial judge had given one.

There was substantial evidence other than West's testimony that was presented at trial to convict Hoskins. Hoskins himself admitted to being in West's Buick and getting out of the vehicle at the scene of the crime. Hoskins confessed to shooting a gun given to him by West. Further, ballistic evidence showed that the bullet that killed Brandon Beard was fired from West's Ruger 9mm. Also significant was the absence of the .22 caliber gun that Hoskins claims he fired on the night of the homicide. Only 9mm shell casings were found at the scene of the crime and no .22 caliber revolver was ever recovered. No one, including Hoskins,

---

[43] Appellant's Op. Br. Appendix at A27.
[44] *Neal*, 80 A.3d at 945 ("Even a mere oversight will amount to deficient performance.")
[45] *Id.*

13

testified that anyone else in West's Buick fired a gun. Because West's testimony was independently corroborated, Hoskins has not shown prejudice, and his first ineffective assistance claim fails under *Strickland*.

2. *Trial Counsel's Failure to Request a Single Theory Unanimity Instruction Did Not Constitute Ineffective Assistance of Counsel*

Hoskins' next claim is that trial counsel was ineffective for failing to request a single theory unanimity instruction. We explained in *Probst v. State*, that a general unanimity instruction is typically sufficient "to insure that the jury is unanimous on the factual basis for conviction."[46] In Hoskins' direct appeal, we held the single theory unanimity instruction was not warranted by the circumstances because there was no potential for jury confusion.[47] Because there was no need to issue a single theory unanimity instruction, trial counsel's failure to request one cannot be error under the law of the case doctrine. Likewise, there can be no prejudice resulting therefrom. Hoskins' second ineffective assistance claim is also without merit.

---

[46] *Probst v. State*, 547 A.2d 114, 120 (Del. 1988). As we explained in *Probst v. State*:

> In the routine case, a general unanimity instruction is sufficient to insure that the jury is unanimous on the factual basis for a conviction. However, this rule is inapplicable where there are factors in a case which create the potential that the jury will be confused. A more specific unanimity instruction is required "if (1) a jury is instructed that the commission of any one of several alternative actions would subject the defendant to criminal liability, (2) the actions are conceptually different and (3) the state has presented evidence on each of the alternatives."

*Id.* 547 A.2d at 120–21 (citations omitted) (quoting *State v. Edwards*, 524 A.2d 648, 653 (Conn. App. Ct. 1987)).

[47] *Hoskins I*, 14 A.3d at 565 ("Because defense counsel did not request, and the circumstances did not warrant, a single theory unanimity jury instruction, Hoskins has not shown that he was entitled to that instruction or that the trial judge committed plain error by not giving it.").

14

*3. Trial Counsel's Failure to Object to the Admissibility of West's Out-Of-Court Statements Did Not Constitute Ineffective Assistance of Counsel*

Hoskins' third ineffective assistance claim is that trial counsel prejudicially erred when he failed to object to the admissibility of out-of-court statements pursuant to 11 *Del. C.* § 3507. Section 3507(a) provides: "In a criminal prosecution, the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination may be used as affirmative evidence with substantive independent testimonial value."[48] As we explained in *Smith v. State*, for the provisions of § 3507 to apply "the declarant must be called as a witness by the party introducing the statement and the direct examination of the declarant 'should touch both on the events perceived and the out-of-court statement itself.'"[49] "The statement must be established as voluntary and the witness must be asked if the prior statement was true."[50] "Finally, 'the statement must be offered into evidence no later than at the conclusion of the direct examination of the declarant.'"[51]

Hoskins argues that the testimony by the State's witness, Alonzo West, was admitted in violation of § 3507. At Hoskins' first trial, West testified as follows: "Q: Did you also agree at the time of your plea that the statements you gave to the

---

[48] 11 *Del. C.* § 3507(a).
[49] *Smith v. State*, 669 A.2d 1, 6 (Del. 1995) (quoting *Keys v. State*, 337 A.2d 18, 23 (Del. 1975)).
[50] *Burns v. State*, 76 A.3d 780, 788 (Del. 2013) (footnote omitted) (citing *Ray v. State*, 587 A.2d 439, 443 (Del. 1991); *Hatcher v. State*, 337 A.2d 30, 32 (Del. 1975)).
[51] *Id.* (quoting *Smith*, 669 A.2d at 8).

15

police were truthful? A: Yes."[52] At the second trial, West similarly testified: "Q: Did you also agree at [the time of your plea that] the statements you gave to the police were truthful, those two prior statements that you had given? A: Yes."[53]

Hoskins argues that West's statements do not comply with the requirements of § 3507 and that trial counsel was ineffective for failing to object. On direct appeal, we held that the trial court did not commit plain error in admitting the out of court statements as evidence.[54] But this does not mean that counsel's representation was *per se* effective. The relevant question under the first prong of *Strickland* is whether trial counsel's failure to object to its admissibility was so erroneous as to overcome the "strong presumption" that trial counsel's representation was professionally reasonable.[55] As noted in the direct appeal, the prosecutor could have worded his questions better.[56]

Although trial counsel failed to object to the prosecutor's perhaps awkward attempt to comply with his obligation under § 3507, trial counsel may well have recognized that a technical objection was unlikely to help his client. Hoskins argues that his trial counsel should have objected because the prosecutor's questions were not precise enough, and did not focus on whether West's prior

---

[52] *Hoskins I*, 14 A.3d at 565.
[53] *Id.*
[54] *Id.* at 566.
[55] *Strickland*, 466 U.S. at 689.
[56] *Hoskins I*, 14 A.3d at 566.

testimony was truthful, not just when given, but whether it remained truthful. Had his trial counsel objected to the prosecutor's awkward but harmless form of questioning on this basis, as Hoskins claims he should have done, West would presumably have affirmed that his prior statements were still truthful, both because he took an oath to tell the truth before he testified at trial, and because his current testimony was consistent with his prior testimony. Thus, Hoskins has not shown that trial counsel's failure to object constituted a *Strickland* violation at all, and, in any event, has not demonstrated prejudice. And absent any prejudice to the defendant, we will not reverse as an abuse of discretion a trial court's decision to admit evidence based upon the technical requirements of § 3507.[57] In sum, there are insufficient grounds in the record to overcome the presumption of trial counsel's reasonableness.

### 4. *The Cumulative Effect of Trial Counsel's Alleged Errors Do Not Warrant a New Trial*

Hoskins' final claim is that all of trial counsel's errors cumulatively resulted in an unfair trial. "[W]here there are several errors in a trial, a reviewing court must weigh the cumulative impact to determine whether there was plain error."[58] "'Under the plain error standard of review, the error must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial

---

[57] *E.g.*, *Jackson v. State*, 643 A.2d 1360, 1369 (Del. 1994).
[58] *Wright v. State*, 405 A.2d 685, 690 (Del. 1979) (citing *United States v. Freeman*, 514 F.2d 1314, 1318 (D.C. Cir. 1972)).

process.'"[59] "'Furthermore, the doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.'"[60] As we have already noted, none of Hoskins' individual claims of ineffective assistance have merit because of a failure to show prejudice. Hoskins' claim of cumulative error is without merit.

## III. Conclusion

The Superior Court did not abuse its discretion in denying Hoskins' Motion for Postconviction Relief. The judgment of the Superior Court is **AFFIRMED.**

---

[59] *Turner v. State*, 5 A.3d 612, 615 (Del. 2010) (quoting *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

[60] *Id.* (quoting *Wainwright*, 504 A.2d at 1100).