IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONIR GEORGE, | § | |
| | § | No. 285, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | No. 0805035299 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 14, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VAUGHN**, Justices.

### *O R D E R*

On this 6th day of March 2015, it appears to the Court that:

(1) Defendant-below/Appellant Monir George ("George") appeals from a Superior Court Order denying his amended Rule 61 motion for postconviction relief. George was found guilty but mentally ill of Murder in the First Degree, Attempted Murder in the First Degree, Reckless Endangering in the First Degree, and three counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"). On direct appeal, we affirmed George's convictions. In this appeal, George raises three claims. First, George contends that the trial court erred by not finding that his trial counsel provided ineffective assistance by failing to litigate whether George intelligently waived his right to a jury trial. Second, George

1

contends that the trial court erred by finding that his claim of ineffective assistance of counsel was barred by Superior Court Criminal Rule 61(i)(4). Finally, George contends that the trial court erred by refusing to grant an evidentiary hearing to determine whether other grounds existed for postconviction relief. We find no merit to George's claims. Accordingly, we affirm.

(2) In May 2008, George was arrested for the shooting death of Malak Michael ("Michael"), a deacon and chief fundraiser for St. Marty's Coptic Orthodox Church.[1] Prior to trial, George waived his right to a jury trial by signing a waiver of jury form, and by asserting his desire to proceed with a bench trial in the following colloquy with the trial court:

> **THE COURT:** All right. Mr. George, you signed a paper, after a colloquy with me, and after discussions with your counsel, that indicate your wish to waive a jury trial, your wish to give up your right, your constitutional right, to be tried by a jury and, instead, your wish to proceed in a bench trial, with the judge sitting as the trier of fact. Is that your wish?
> **THE DEFENDANT:** Yes, your Honor.
> **THE COURT:** Do you have any questions or concerns about that?
> **THE DEFENDANT**: No.
> **THE COURT:** Ms. Van Amerongen.
> **DEFENSE COUNSEL:** No, Your Honor.

(3) At trial, four witnesses to the incident, two of whom assisted in disarming George after he shot Michael, testified against George. A number of

---

[1] Unless otherwise indicated, these facts are taken directly from this Court's Order in George's direct appeal. *George v. State*, 2010 WL 4009202 (Del. Oct. 13, 2010).

2

witnesses also testified concerning George's pattern of animosity toward the church clergy and George's depressed mood prior to the shooting. Additionally, three experts from the Delaware Psychiatric Center—Robert Thompson, Ph.D., a forensic psychologist, Carol Tavani, M.D., a psychiatrist, and Stephen Mechanick, M.D., also a psychiatrist, testified concerning George's mental state at the time of the incident. Drs. Thompson and Mechanick opined that George was mentally ill at the time of the shooting. Dr. Tavani opined that he was insane at the time of the shooting. George was convicted of all charges against him, and sentenced to life in prison on the first degree murder conviction, to 15 years at Level V on the attempted murder conviction, to 1 year at Level V on the reckless endangering conviction, and to 3 years at Level V on each weapon conviction. George filed a direct appeal with this Court.

(4) On direct appeal, George claimed that: (1) he was deprived of his constitutional right to testify on his own behalf; (2) his execution of the waiver of jury trial form was involuntary; (3) one of the mental health experts attempted to bribe him for his testimony; and (4) witness statements moved into evidence under 11 *Del. C.* § 3507 did not comport with the foundational requirements. In affirming the Superior Court's judgment, we concluded that George's claims were wholly without merit and devoid of any arguably appealable issue.

Specifically, we stated:

> Our review of the record in this case reflects no factual support for any of George's claims. As for his first two claims, the record reflects that, before trial, the trial judge carefully questioned George regarding his decision to waive a jury trial and that, during trial, the judge carefully questioned him concerning his decision not to testify in his own behalf. The record reflects that George's decisions to waive a jury trial and to waive his right to testify were knowing and voluntary. The record likewise does not support George's third claim that one of the testifying mental health experts asked him for a bribe. As for George's fourth, and final, claim, the record reflects that two out-of-court statements were admitted into evidence under § 3507. In neither case is there any support for George's claim that the proper foundational requirements of the statute were not met.[2]

(5) In October 2011, George filed a *pro se* motion for postconviction relief. The Superior Court referred the motion to a Superior Court Commissioner for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b)(1)(b)[3] and Superior Court Criminal Rule 62(a)(5).[4] The Commissioner issued a report recommending that the motion be denied. George then filed motions for appointment of counsel and an evidentiary hearing. The trial court denied George's motion for appointment of counsel. Soon after, the trial court denied George's motion for an evidentiary hearing and for postconviction relief. On

---

[2] *Id.* at *2.

[3] 10 *Del. C.* § 512(b)(1)(b) ("A judge may also designate a Commissioner to conduct hearings, including evidentiary hearings, and to submit to a judge of the Court proposed findings of fact and recommendations . . . .").

[4] Super. Ct. Crim. R. 62(a)(5) (permitting Commissioners to conduct case-dispositive evidentiary hearings, and to submit to the court proposed findings of fact and recommendations).

appeal, we vacated the trial court's order and remanded with instructions that the trial court appoint counsel for George, and allow him to refile objections to the Commissioner's report or file an amended motion for postconviction relief.

(6) In June 2013, George's newly appointed counsel filed an amended motion for postconviction relief.[5] The trial court again referred George's motion to a Superior Court Commissioner. The Commissioner issued a report recommending that George's motion be denied. George appealed from the Commissioner's findings of fact and recommendation. The Superior Court conducted a *de novo* review, adopted the Commissioner's report and recommendation, and denied postconviction relief. This appeal followed.

(7) "We review a Superior Court judge's denial of a Rule 61 motion for postconviction relief for abuse of discretion."[6] Constitutional questions and other

---

[5] George raised seven issues in his amended motion for postconviction relief: (1) trial and appellate counsel were ineffective by failing to obtain, preserve, and raise on direct appeal the issue of an intelligent waiver of the defendant's right to jury trial; (2) trial counsel was ineffective in failing to accept the Superior Court's offer to appoint an independent expert witness to evaluate the defendant's competency; (3) trial counsel was ineffective by failing to investigate, preserve, and raise an issue of interference by the Department of Correction with the defendant's ability to communicate with trial counsel; (4) trial counsel was ineffective by failing to investigate, preserve, and raise the defendant's allegation that the State's expert witness attempted to solicit a bribe; (5) trial counsel was ineffective by failing to request sequestration of witnesses and an instruction that certain witnesses not to speak with each other regarding the case; (6) trial counsel was ineffective by failing to investigate and retain a pharmacological expert witness and to present expert testimony on the effects of George's medications at the time of the offenses; and (7) trial counsel was ineffective by failing to permit George to testify in his own defense.

[6] *Neal v. State*, 80 A.3d 935, 941 (Del. 2013) (citing *Ploof v. State*, 75 A.3d 811, 819 (Del. 2013)).

questions of law are reviewed *de novo*.[7] "[We] first must consider the procedural requirements of Rule 61 before addressing any substantive issues. Superior Court Criminal Rule 61(i)(4) bars litigation of any claim that was previously adjudicated unless reconsideration of the claim is warranted in the interest of justice."[8] "[A] defendant is not entitled to have a court re-examine an issue that has been previously resolved 'simply because the claim is refined or restated.'"[9]

(8) If the procedural requirements of Rule 61 are satisfied, we review ineffective assistance of counsel claims under the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington*.[10] First, the defendant must show that counsel's performance was deficient, "meaning that 'counsel's representation fell below an objective standard of reasonableness.'"[11] If counsel is shown to be deficient, then the defendant must demonstrate prejudice from counsel's error.[12] "The 'failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel.'"[13] "'[A] court need not determine whether counsel's performance was deficient

---

[7] *Ploof*, 75 A.3d at 820 (citing *Swan v. State*, 28 A.3d 362, 382 (Del. 2011)).
[8] *Campbell v. State*, 2009 WL 1525947, at *1 (Del. 2009).
[9] *Skinner v. State*, 607 A.2d 1170, 1172 (Del.1992) (quoting *Riley v. State*, 585 A.2d 719, 721 (Del. 1990), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992)).
[10] *Strickland v. Washington*, 466 U.S. 668 (1984).
[11] *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (quoting *Strickland*, 466 U.S. at 668).
[12] *Strickland*, 466 U.S. at 687.
[13] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (quoting *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'"[14]

(9) George's first two claims on appeal relate to his alleged insufficient waiver of a jury trial. George contends that his trial counsel was ineffective for failing to litigate whether his waiver of a jury trial was made knowingly and voluntarily.[15] George also contends that the trial court erred by ruling that his claim of ineffective assistance of counsel was barred under Rule 61(i)(4).

(10) We find that George's first two claims are procedurally barred under Rule 61(i)(4). As a consequence, we will not address the merits of the issues contained in his motion for postconviction relief. Our prior ruling on direct appeal that George's waiver of a jury trial was knowing and voluntary was a substantive resolution of George's present ineffectiveness of counsel claim.[16] In order to prevail on an ineffective assistance of counsel claim, George would have to show that he was prejudiced by his counsel's failure to challenge the validity of George's waiver to a jury trial. By ruling that George's waiver was voluntary and knowing,

---

[14] *Id.* (quoting *Dabney v. State*, 2010 WL 703108, at *2 (Del. Mar. 1, 2010)).
[15] In *Smith v. State*, we found that a judicial inquiry into a valid waiver has two distinct dimensions:
> "First, the relinquishment of the right must have been voluntary in the sense that it was the product of free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."

918 A.2d 1144, 1149 (Del. 2007) (quoting *Marine v. State*, 607 A.2d 1185, 1195 (Del. 1992)).
[16] *See Skinner,* 607 A.2d at 1172.

we effectively precluded George's ability to prove prejudice under a *Strickland* analysis. Thus, the Superior Court did not err in finding that this Court's holding on direct appeal barred George from making the same claim, albeit in a different form, under Rule 61(i)(4). Reconsideration of this previously adjudicated claim is not warranted in the interest of justice.[17]

(11) George's third and final claim is that the trial court erred by failing to grant an evidentiary hearing regarding other grounds of alleged ineffective assistance of counsel. Rule 61(h)(1) grants the Superior Court broad discretion in determining whether an evidentiary hearing on a postconviction motion is necessary.[18] "[I]t is within the Superior Court's discretion to determine, after considering the motion, the State's response, the movant's reply and the record of any prior proceedings, whether an evidentiary hearing is desirable."[19] "If the Superior Court determines . . . that an evidentiary hearing is unnecessary . . . then summary disposition of the motion is entirely appropriate."[20]

---

[17] "As this Court has explained, the 'interest of justice' exception provides two pathways to demonstrate that a claim is not procedurally barred. The exception applies when (1) the previous ruling was clearly in error or there has been an important change in circumstances, in particular, the factual basis for issues previously posed, or (2) there is an equitable concern of preventing injustice." *Lindsey v. State*, 2014 WL 98645, at *3 (Del. 2014) (internal citations and quotation marks omitted).

[18] *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996); *Pennewell v. State*, 2005 WL 578444, at *2 (Del. Jan. 26, 2005).

[19] *Marin v. State*, 2004 WL 716774, at *1 (Del. 2004) (citing Super. Ct. Crim. R. 61(h)(1)).

[20] *Maxion*, 686 A.2d at 151.

(12) George contends that a hearing should have been held concerning: (1) his allegation that counsel was ineffective for failing to accept the trial court's offer to appoint an independent psychiatrist to evaluate his competency; (2) his allegation that counsel was ineffective for failing to request the trial court to sequester witnesses and instruct witnesses not to discuss their testimony; (3) his allegation that counsel was ineffective for failing to allow him to testify; (4) his allegation that the Department of Correction prevented him from communicating with counsel due to his being housed in the prison infirmary; and (5) his allegation that Dr. Mechanick tried to solicit a bribe during his evaluation. We disagree.

(13) The Superior Court did not abuse its broad discretion under Rule 61(h)(1). Before denying George's motion for an evidentiary hearing, the trial court considered George's trial and appellate counsels' affidavits. The court also reviewed George's own affidavits, the State's submissions, and the trial record. Based on the court's findings, it determined that an evidentiary hearing was unnecessary. Our review of the record reveals no error on the part of the Superior Court in its disposition of George's motion for postconviction relief. Accordingly, we find that the Superior Court acted within its discretion to dispose of the matter summarily without an evidentiary hearing.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

<u>/s/ James T. Vaughn Jr.</u>
Justice