# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1504006626 |
| | ) | |
| | ) | Cr.A. Nos. IN15-04-1339R1, etc. |
| KERMIT J. BARNHART, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 20, 2017
Decided: March 24, 2017

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 24th day of March, 2017, upon consideration of the Defendant Kermit J. Barnhart's ("Barnhart") Motion for Postconviction Relief (D.I. 26); the State's Response thereto (D.I. 33); and the record in this matter, it appears to the Court that:

(1)     Kermit J. Barnhart was indicted on June 8, 2015 for Driving Under the Influence-Felony (5th Offense) ("DUI") and multiple related charges.[1] Following a jury trial, Barnhart was convicted of the DUI and four other counts.[2]

---

[1]     Indictment, *State v. Barnhart*, ID No. 1504006626 (Del. Super. Ct. June 8, 2015) (D.I. 5).

[2]     Verdict Form, *State v. Barnhart*, ID No. 1504006626 (Del. Super. Ct. Oct. 2, 2015) (D.I. 14).

He was sentenced on November 6, 2015 to serve, *inter alia*, 18 months at Level V for DUI.[3]

(2)     This motion is Barnhart's first and timely motion for postconviction relief.   He raises a single claim alleging ineffective assistance of counsel. Specifically, Barnhart seeks vacatur of his conviction and a new trial because, in his estimation, his trial counsel allowed certain evidence – the recordings of his interaction with the police on the night he was investigated for DUI – to be improperly admitted.[4]

(3)     Prior to trial, the State provided to Barnhart's defense counsel the video recordings containing Barnhart's interactions with the police on the night he was investigated for DUI.[5]  Those recordings contained portions that did not relate to Barnhart's case, were irrelevant to the specific charges, or were inadmissible for other reasons.[6]   Barnhart's counsel and the prosecutor had discussed which

---

[3]     *See* Sentencing Order, *State v. Barnhart*, ID No. 1504006626 (Del. Super. Ct. Nov. 6, 2015) (D.I. 20).

[4]     Def. Rule 61 Mem., at 4-5.

[5]     State's Resp., at 4.  These consisted of several discs that captured video from the chief investigating officer's in-car camera and footage from his and other officers' body cameras. *Id.*

[6]     *See id.* at 4, n.10.

portions of the recordings would be used at trial and agreed on the contents of one compilation disc with those admissible portions.[7]

(4) Barnhart now claims that his counsel "failed to challenge the adulteration of video tape of this incident" and that "[t]he police cut portions of the videos to make a distorted story of what occurred."[8] These contentions, however, are entirely conclusory. They lack any factual support or citation to the record. And so, while Barnhart cites the proper legal standard for ineffective assistance of counsel claims and the proper legal standard for the foundational requirements for the admission of physical evidence, he does nothing to demonstrate either was breached here.

(5) In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, Barnhart must show both: (a) that his lawyer's representation fell below an objective standard of reasonableness, and (b) that there is a reasonable probability that but for his lawyer's errors, the result of the proceeding would have been different.[9] Barnhart may not rely on conclusory statements of ineffective assistance; instead he must plead his

---

[7] *Id.*

[8] Def. Rule 61 Mem., at 4-5.

[9] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

-3-

allegations of prejudice with particularity.[10] In evaluating this claim, the Court is mindful that there is a strong presumption that the trial counsel's representation was reasonable,[11] and that "[i]t is not this Court's function to second-guess reasonable trial tactics."[12] Barnhart fails to carry his burden to establish either showing required by the ineffective assistance of counsel test.

(6) First, his lawyer's decision to review the State's video evidence pre-trial and to agree to redactions of irrelevant and inadmissible material was objectively reasonable.[13] "When a defendant is represented by counsel, the authority to manage the day-to-day conduct of the defense rests with the attorney."[14] And an attorney's decision as to what evidence to admit and to which evidence he should object is a tactical decision that deserves great weight and

---

[10] *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[11] *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[12] *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002); *Burns v. State*, 76 A.3d 780, 788 (Del. 2013) ("It should be noted that even evidence of '[i]solated poor strategy, inexperience, or bad tactics do[es] not necessarily amount to ineffective assistance of counsel.'").

[13] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) ("If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options,' that decision is 'virtually unchallengeable' . . .").

[14] *Cooke v. State,* 977 A.2d 803, 840 (Del. 2009).

deference.[15] Barnhart has thus failed to overcome the strong presumption that his counsel acted reasonably[16] and on that basis alone his ineffectiveness claim must fail.[17]

(7) Second, however, Barnhart also has failed to demonstrate that any foundational objection to the video evidence as presented would have been successful, that further investigation of the video evidence would have been fruitful, or that some different version of the video evidence would have resulted in a different outcome at trial.[18] And with no specifics offered as to how some

---

[15] *See Wainwright v. Sykes,* 433 U.S. 72, 93 (1977) (Burger, C.J., concurring) (noting that the defense attorney "has the immediate and ultimate responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop"); *see also Flowers v. State,* 150 A.3d 276 (Del. 2016) (trial counsel acted well within the bounds of objectively reasonable representation in deciding not to make a foundational objection to the admission of evidence where that failure would not affect the admissibility of the evidence); *Clark v. State,* 2014 WL 5408410, at *4 (Del. Oct. 21, 2014) ("The decision to waive the need for a foundational expert prior to the State's admission of the DNA report was a matter within the sound discretion of defense counsel. The trial court had no obligation to second-guess or contravene defense counsel's strategy and make sure that [defendant] agreed with his counsel's strategic choice. Indeed, it would not have been appropriate."); *Burns,* 76 A.3d at 787-88 (finding that defense attorney's waiver of certain foundational requirements for admission of evidence was a tactical choice and a strategic decision that was entitled to a strong presumption of reasonableness).

[16] *Burns,* 76 A.3d at 788 ("Under *Strickland*, the strategic decisions made by counsel are entitled to a strong presumption of reasonableness.").

[17] *See State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("To restate the requirements of *Strickland,* a defendant must establish two things, not just one: that trial counsel's performance was deficient **and** that but for that deficiency, the outcome of the proceedings would have been different. If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.") (emphasis in original).

[18] *See Outten v. State*, 720 A.3d 547, 557 (Del. 1998) (an inmate challenging counsel's investigation or presentation decisions "has the burden of supplying precisely what information

-5-

different version of the video evidence now suggested would have changed the outcome of the trial, Barnhart cannot succeed on a claim of ineffective assistance of counsel.[19]

(8) Barnhart has not shown that his attorney's representation fell below an objective standard of reasonableness or that, but for that attorney's alleged errors, there is a reasonable probability that his trial would have been different. Accordingly, Barnhart's Motion for Postconviction Relief must be **DENIED.**

**SO ORDERED this 24th day of March, 2017.**

*/s/ Paul R. Wallace*
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Kermit J. Barnhart, *pro se*
Mark C. Petrucci, Deputy Attorney General

---

'would have been obtained had [counsel] undertaken the desired investigation' and how this information would have changed the result") (citations omitted).

[19]  *See Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015) (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)) (one claiming ineffective assistance "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness"); *see also Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *Swan v. State*, 28 A.3d 362, 383 (Del. 2011) (observing that *Strickland* requires that an inmate make both showings – deficient performance and prejudice – and "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'") (quoting *Strickland*, 466 U.S. at 697).