IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICAH J. SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 148, 2020 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1512004476 (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: December 4, 2020
Decided: February 15, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### O R D E R

After careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Micah J. Smith, appeals the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61. For the reasons set forth below, we affirm the Superior Court's judgment.

(2)    In March 2016, a Superior Court grand jury charged Smith by indictment with one count of continuous sexual abuse of a child, one count of second degree sexual abuse of a child by a person in a position of trust, and four counts of first degree unlawful sexual contact (together, "the Sex Charges"). Following a five-

day trial in May 2017, a Superior Court jury found Smith guilty of one count of continuous sexual abuse of a child, one count of second degree sexual abuse of a child by a person in a position of trust, and three counts of first degree unlawful sexual contact. Smith was acquitted of the remaining count of unlawful sexual contact. Following a presentence investigation, the Superior Court sentenced Smith to fifty-seven years of Level V incarceration, suspended after ten years for decreasing levels of supervision. We affirmed Smith's convictions and sentence on direct appeal.[1]

(3) On June 4, 2018, Smith filed a timely motion for postconviction relief raising a single claim of ineffective assistance of counsel. The Superior Court appointed counsel to assist Smith with the postconviction proceedings. Postconviction counsel later moved to withdraw, indicating that, after a careful review of the record, she had not identified any potential grounds for postconviction relief. After expanding the record with briefing and directing trial counsel to file an affidavit addressing Smith's claim of ineffective assistance of counsel, the Superior Court granted postconviction counsel's motion to withdraw and denied Smith's motion for postconviction relief.[2] This appeal followed.

---

[1] *Smith v. State*, 2018 WL 2427594 (Del. May 29, 2018).
[2] *State v. Smith*, 2020 WL 1287762 (Del. Super. Ct. Mar. 16, 2020).

(4)	We review the Superior Court's denial of postconviction relief for abuse of discretion.[3]  We review *de novo* claims of constitutional violations, including claims of ineffective assistance of counsel.[4]  In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (i) trial counsel's representation fell below an objective standard of reasonableness,[5] and (ii) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.[6]  Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[7]  "If an attorney makes a strategic choice after thorough investigation of the law and facts relevant to plausible options, that decision is virtually unchallengeable."[8]

(5)	On appeal, Smith raises the same argument that he raised below:  trial counsel mishandled a statement made by the Mother during direct examination.[9]  At trial, the evidence showed that, after the victim disclosed to her mother ("the Mother") that Smith had sexually assaulted her, the Mother demanded that Smith—who had been living in the victim's family's basement for years—move out of the

---

[3] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[4] *Id.*
[5] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[6] *Id.* at 694.
[7] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).
[8] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (internal quotation marks and citations omitted).
[9] Smith also filed a motion to amend the appendix to his opening brief.  The State has not objected to the motion.  Accordingly, we grant the motion to amend.

residence. The State endeavored to establish through the Mother's testimony when the victim had visited with her paternal grandmother in California after Smith had ceased residing in the victim's home. When the Mother attempted to recall when this visit to California occurred, she spontaneously noted that Smith was in prison at the time ("the Jail Comment"). On cross-examination, trial counsel questioned the Mother about the Jail Comment, and she confirmed that Smith was in jail at the time because he had had been arrested for the Sex Charges—not because of some other arrest or conviction.

(6) Smith contends that trial counsel's handling of the Jail Comment both fell below an objective standard of reasonableness and resulted in prejudice. Specifically, Smith argues that he was prejudiced by trial counsel's failure to object to the Jail Comment, move to strike it, and request a curative instruction about it because this failure permitted the jury to speculate (i) that Smith had previously been convicted of the Sex Charges and the convictions had been reversed on appeal or (ii) that Smith had previously pled guilty to the Sex Charges and later successfully moved to withdraw his plea. Smith's arguments are unavailing.

(7) After careful consideration of the entire record—including trial counsel's affidavit wherein he expressed his concern about drawing additional attention to the Jail Comment by objecting to it—we find it evident that the Superior Court correctly concluded that trial counsel's performance was objectively

4

reasonable. That is, counsel made a reasonable strategic decision to cross-examine the Mother about the Jail Comment instead of objecting to the Jail Comment, moving to strike it, and requesting a curative instruction about it. We also agree that the Superior Court rightly decided that Smith has failed to show that trial counsel's allegedly deficient performance prejudiced the trial outcome. Although Smith makes a conclusory argument that trial counsel's performance resulted in prejudice, he does not even suggest that the outcome of the trial would have been different if— as he alleges counsel's performance enabled it to do—the jury had speculated that he had previously been convicted of or pled guilty to the Sex Charges. In short, we agree with the Superior Court that Smith has failed to satisfy either prong of the ineffective-assistance-of-counsel analysis. To the contrary, trial counsel's performance was objectively reasonable, and any alleged professional shortcoming did not affect the trial outcome.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

5