# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                              )

v.                         )      **I.D. No. 1410004172**
                              )      **Cr.A.Nos. IN14-10-0750, etc.**

**HOWARD A. WALSH,**      )
           **Defendant.** )

Submitted: June 7, 2018
Decided: September 26, 2018

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF

This 26th day of September, 2018, upon consideration of the Defendant Howard A. Walsh's Amended Motion for Postconviction Relief (D.I. 78),[1] his trial counsel's affidavit (D.I. 82), his former postconviction counsel's affidavit (D.I. 81), the State's response to those submissions (D.I 84), Mr. Walsh's reply (D.I. 88), and the record in this matter, it appears to the Court that:

(1)    Howard A. Walsh was indicted in January 2015, on three counts of Possession of a Firearm by a Person Prohibited, one count of Possession of Ammunition by a Person Prohibited, one count of Carrying a Concealed Dangerous Instrument, and one count of Criminal Impersonation.[2] Following a jury trial, Mr.

---

[1]    This amended motion appears to fully integrate Mr. Walsh's arguments made in prior *pro se* postconviction filings and is therefore viewed by the Court as Mr. Walsh's final statement of the issues he asks the Court to consider under Superior Court Criminal Rule 61. *See, e.g.,* D.I. 22 (Walsh's first attempt to file a postconviction motion pre-direct appeal); D.I. 45 (Walsh's first timely postconviction motion); D.I. 73 (Walsh's amended postconviction motion following his discharge of appointed postconviction counsel).

[2]    *See* Indictment, *State v. Howard A. Walsh*, ID No. 1410004172 (Del. Super. Ct. Jan. 5, 2015). *See also* DEL. CODE ANN. tit. 11, § 1448 (2015) (possession of a firearm and ammunition

- 1 -

Walsh was convicted of all counts. After a pre-sentence investigation was prepared, the Court sentenced Mr. Walsh to serve a cumulative 30-year term of imprisonment followed by and probationary supervision.[3]

(2)    He filed a direct appeal. Mr. Walsh was represented by Ralph D. Wilkinson, Esquire ("Trial Counsel"), through his trial proceedings and the docketing of his direct appeal. He was permitted to proceed *pro se* during direct appeal.[4] And in that appeal, his convictions and sentence were affirmed by the Delaware Supreme Court.[5]

(3)    Mr. Walsh filed his first timely postconviction motion *pro se*. (D.I. 45). In it he raised various claims of ineffective assistance of counsel ("IAC"). And so, he was appointed counsel, R. Joseph Hrubiec, Esquire ("PCR Counsel"), to represent him (D.I. 50).

(4)    PCR Counsel filed an amended motion and supporting materials. (D.I. 65). Unhappy with those efforts, Mr. Walsh moved to discharge PCR Counsel (D.I. 69) and revive his *pro se* arguments.

---

by a person prohibited); *id.* at § 1443 (carrying a concealed dangerous instrument); *id.* at § 907 (criminal impersonation).

[3]    Sentencing Order, *State v. Howard A. Walsh*, ID No. 1410004172 (Del. Super. Ct. Nov. 6, 2015).

[4]    *See* D.I. 36.

[5]    *Walsh v. State*, 2016 WL 3751911 (Del. June 29, 2016).

(5)     The Court heard the motion to discharge and subsequently ordered that:

(a)     PCR Counsel was relieved as postconviction counsel and Mr. Walsh could proceed *pro se* in subsequent postconviction proceedings;

(b)     all prior *pro se* postconviction motions, and that which PCR Counsel filed, were deemed Moot;

(c)     Mr. Walsh was permitted to file a *pro se* amended fully-integrated postconviction motion under Superior Court Criminal Rule 61. That motion was to include any and all postconviction claims that Mr. Walsh wished the Court to consider.[6]

(6)     The Court now has before it Mr. Walsh's final amended petition[7] that raises five claims:

(a)     IAC by Trial Counsel for allegedly failing to—(i) properly pursue discovery of certain police patrol car dashcam video footage Mr. Walsh believes exists and make related suppression arguments, (ii) object to certain trial arguments by the prosecutor, (iii) prevent presentation of his prior felony conviction to prove the person prohibited element of his charged crimes, and (iv) make a mistake of law argument on his behalf;

(b)     A due process violation based on his belief in the existence of certain police patrol car dashcam video footage;

(c)     A due process violation based on his belief that there was juror intimidation;

(d)     Prosecutorial misconduct due to alleged discovery violations and arguments before the jury; and

---

[6]     D.I. 72.

[7]     *See* n.1, *supra.*

(e)  IAC by PCR Counsel counsel for failing to pursue the arguments that Mr. Walsh now makes due to an alleged "interest to defend trial counsel and the state police."[8]

(7)  When considering applications for postconviction relief under its criminal rules, this Court addresses any applicable procedural bars before turning to the merits.[9]  This policy protects the integrity of the Court's rules and the finality of its judgments.  Addressing the merits of a case that does not meet procedural requirements effectively renders our procedural rules meaningless.[10]

(8)  Rule 61 sets forth procedural bars to postconviction claims, including that "[a]ny ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows . . . [c]ause for relief from the procedural default and . . . [p]rejudice from violation of the movant's rights."[11]  Walsh's failure to raise his second and fourth claims—i.e., his due process argument regarding the alleged

---

[8]  See Def.'s Amended Mot. for Postconviction Relief, State v. Howard A. Walsh, ID No. 1410004172 (Del. Super. Ct. Dec. 22, 2017) (D.I. 78) ("Def.'s Amended PRC Mot.").

[9]  See, e.g., Ayers v. State, 802 A.2d 278, 281 (Del. 2002). See also Bailey v. State, 588 A.2d 1121, 1127 (Del. 1991); Younger v. State, 580 A.2d 552, 554 (Del. 1990) (citing Harris v. Reed, 489 U.S. 255 (1989)).

[10]  See State v. Chao, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); State v. Jones, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002) (citing State v. Gattis, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

[11]  SUPER. CT. CRIM. R. 61(i)(3) (2017).

withheld police dashcam video and his prosecutorial misconduct complaint—either during trial or on direct appeal prevents the Court from addressing it now unless Walsh shows cause for relief and prejudice from a violation of his rights. Walsh has demonstrated neither the requisite cause for relief nor prejudice. And so, these claims are barred Rule 61(i)(3).

(9)     Mr. Walsh represented himself during appeal and while he raised a related suppression claim that he believes would have been supported by the alleged missing video footage, he made no due process claim. He demonstrates no cause for this failure. But more important, there is nothing that could have been turned over. During these postconviction proceedings Mr. Walsh's suspicions regarding the imagined helpful police dashcam footage were investigated by the State. There never was any such footage,[12] and Mr. Walsh could therefore not be prejudiced by the withholding of that which never existed.

(10)     Similar failures doom his prosecutorial misconduct complaints. In his fourth claim, Walsh surmises that the State "fail[ed] to turn over all the Rule 16 discovery material to assign[ed] counsel . . ., with[held] material that there is confidential informant whose name is Lisa Smith," and suggests the prosecutor

---

[12]     *See* Ex. A to State's Resp. to Amended Mot. for Postconviction Relief, *State v. Howard A. Walsh*, ID No. 1410004172 (Del. Super. Ct. Apr. 26, 2018) (D.I. 84) ("State's Resp.").

"misled the jury in his opening statement . . . [and] during closing argument."[13] He never raised either such allegation on direct appeal. And there is no mention, from any credible source, of an informant "Lisa Smith," who allegedly tipped off police and would be helpful to Mr. Walsh's defense. Again, Mr. Walsh can hardly be prejudiced by failure to turn over non-existent material. Nor does the trial record reveal that Mr. Walsh's quibbles with the wording of the prosecutor's trial arguments demonstrate prejudice. A prosecutor in his or her opening statement or closing argument is "allowed and expected to explain all the legitimate inferences of [a defendant's] guilt that flow from th[e] evidence" adduced at trial or to be adduced at trial.[14] That is what the prosecutor did during Mr. Walsh's trial.

(11) Rule 61 has another procedural bar that is applicable to Mr. Walsh's claim alleging juror intimidation: "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[15] On direct appeal, Mr. Walsh argued "that he was deprived of his right to a fair and impartial trial because [the State's chief investigating officer]

---

[13]  Def.'s Amended PRC Mot. at 15-17.

[14]  *Johnson v. State*, 711 A.2d 18, 31 (Del. 1998) (quoting *Hooks v. State*, 416 A.2d 189, 204 (1980)) (closing arguments); *Booze v. State*, 919 A.2d 561 (Del. 2007) (same for opening statement).

[15]  SUPER. CT. CRIM. R. 61(i)(4) (2017).

engaged in conduct designed to intimidate the jurors into returning a favorable verdict for the State."[16]  And on direct appeal, the Delaware Supreme Court found "[n]othing in the record supports [Mr.] Walsh's claim that [the State's chief investigating officer] tried to intimidate the jurors" and ruled that this Court committed "no plain error" in its handling of the issue at trial.

(12)  Now, neither the procedural default nor relitigation bars "apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[17]  But Mr. Walsh does not claim that this Court lacked jurisdiction,[18] that "new evidence exists that creates a strong inference" of actual innocence,[19]  or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid."[20]  Instead, Mr. Walsh either alleges anew or

---

[16]     *Walsh v. State*, 2016 WL 3751911, at *2 (Del. June 29, 2016).

[17]     Super. Ct. R. Crim. P. 61(i)(5) (2017).

[18]     Del. Super. Ct. Crim. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision [i] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[19]     Del. Super. Ct. Crim. R. 61(d)(2)(i) (2017). *See also id.* at (i)(5).

[20]     *Id.* at (d)(2)(ii). *See also id.* at (i)(5).

realleges constitutional violations supposedly committed by the police or prosecutor. That is simply not enough to overcome the Rule 61(i)(3) or (i)(4) bars to relief.

(13) Rule 61(i)(3)'s bar is inapplicable to "claims [of] ineffective assistance of counsel, which could not have been raised in any direct appeal."[21] In turn, Mr. Walsh's IAC claims against Trial Counsel and PCR Counsel are his only remaining claims that are not procedurally barred by Rule 61. So the Court could consider those claims on their merits.

(14) An inmate who claims ineffective assistance of counsel must demonstrate that: (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[22] A reasonable probability exists when there "is a probability sufficient to undermine confidence in the outcome."[23]

(15) There is a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance.[24] And there is a strong presumption that

---

[21]    *State v. Smith*, 2017 WL 2930930, at *1 (Del. Super. Ct. July 7, 2017).

[22]    *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

[23]    *Strickland*, 466 U.S. at 694.

[24]    *See id.* at 689; *Gattis v. State*, 697 A.2d 1174, 1184 (Del. 1997).

defense counsel's conduct constituted sound trial strategy.[25] When evaluating an attorney's performance, a reviewing court must "eliminate the distorting effects of hindsight," "reconstruct the circumstances of counsel's challenged conduct," and "evaluate the conduct from counsel's perspective at the time."[26] "It is not this Court's function to second-guess reasonable trial tactics."[27] For "[e]ven the best criminal defense attorneys would not defend a particular client the same way."[28] And there is, quite simply, a wide range of legitimate decision making that might be made by a competent attorney.[29] Lastly, an inmate may not rely on conclusory statements that he suffered ineffective assistance; he must instead plead all allegations of prejudice with particularity.[30]

(16) Walsh first complains that Trial Counsel failed to pursue the non-existent dashcam video and to file a related suppression motion.[31] The decision

---

[25] *See Strickland*, 466 U.S. at 689; *Flamer v. State*, 585 A.2d 736, 753-54 (Del. 1990).

[26] *Strickland*, 466 U.S. at 689.

[27] *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002).

[28] *Strickland*, 466 U.S. at 690.

[29] *Id.* at 688-89; *Moore v. Deputy Commissioner(s) of SCI-Huntingdon*, 946 F.2d 236, 246 (3d Cir. 1991) (even if reviewing court would advise another course); *State v. Carter,* 782 N.W.2d 695, 704 (Wis. 2010) ("Indeed, counsel's performance need not be perfect, nor even very good, to be constitutionally adequate.").

[30] *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[31] Def.'s Amended PRC Mot. at 1-4.

whether or not to file a motion to suppress is a strategic decision and a matter of professional judgment. Such a decision will be upheld if it is reasonable.[32] Trial counsel fully investigated with Mr. Walsh "the conversations he had with any officer who had a role in the matter. . . . After reviewing the discovery, and hearing Mr. Walsh's version of events regarding his interaction with officer(s) regarding his consent to search his residence, [Trial] Counsel came to the conclusion there was no merit to a suppression motion."[33] There is simply no evidence of substandard representation here. And so, on this basis alone Mr. Walsh's claim of ineffective assistance must fail.[34] But Mr. Walsh also fails to demonstrate prejudice. When addressing this very same involuntariness claim on direct appeal, our supreme court observed: "There is nothing in the record to support [Mr.] Walsh's claim that his consent to the search of his apartment was involuntary."[35] That's still true. A defendant cannot demonstrate prejudice by defense counsel's failure to file a motion to suppress if that motion were likely to fail even if it were filed.[36]

---

[32] *See Pennewell v. State*, 2005 WL 578444, at *1 (Del. Jan. 26, 2005).

[33] Id.

[34] *See, e.g., State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.").

[35] *Walsh v. State*, 2016 WL 3751911, at *2.

[36] *See Poteat v. State*, 2007 WL 2309983, at *1 (Del. Aug. 14, 2007); *Bratcher v. State*, 2008 WL 2475741, at *1 (Del. June 20, 2008).

(17) Mr. Walsh's claim that Trial Counsel should have objected to certain of the prosecutor's arguments is meritless.[37] As noted above there were no improper statements to object to. In turn, there could be neither deficient attorney performance nor probable result-changing prejudice. Failure to prove the existence of either renders an IAC claim unsuccessful.[38]

(18) As to the disclosure of the Mr. Walsh's prior burglary conviction at trial,[39] this occurred when the State entered evidence that Mr. Walsh was a person prohibited from possessing a firearm in Delaware. Trial Counsel had negotiated with the State to enter a stipulation to that status—thereby avoiding presentation of evidence of Mr. Walsh's prior felony conviction. Trial Counsel fully discussed that course with Mr. Walsh and, pre-trial, the Court also addressed this specific issue. Mr. Walsh rejected the stipulation, choosing instead to put the State to its proof.[40] He can hardly complain now that his attorney needed to override his express instruction to eschew the stipulation or be deemed to have provided constitutionally deficient representation simply because the informed and agreed-to tactic chosen failed. Because Mr. Walsh fails to show that trial counsel's ability to keep the State

---

[37]     Def.'s Amended PRC Mot. at 4-5.

[38]     *State v. Hamby*, 2005 WL 914462, at *2 (Del. Super. Ct. Mar. 14, 2005).

[39]     Def.'s Amended PRC Mot. at 5-8.

[40]     May 12th Trial Tr. at 4-8.

- 11 -

from presenting undoubtedly admissible evidence of an undoubtedly necessary element was objectively unreasonable, and because trial counsel acted in accordance with Mr. Walsh's wishes when rejecting the favorable stipulation, this Court must uphold counsel's decision to not object to entry of the redacted documentation of Mr. Walsh's prior conviction.[41]

(19) Mr. Walsh's final complaint against Trial Counsel is bare bones: "Counsel was also ineffective when he never presented a mistake of law defense on behalf of the defendant."[42] That's it. With no specifics offered as to how the mistake of law defense now suggested would have changed the outcome of his trial, Mr. Walsh cannot succeed on a claim of ineffective assistance of counsel.[43]

(20) In his last claim, Mr. Walsh alleges that his now-discharged PCR Counsel was ineffective for not pursuing the claims he has raised in the present amended motion. Assuming for a moment that the Court need address a claim of ineffectiveness leveled at PCR Counsel here, Mr. Walsh would gain no relief. Each of the claims he says PCR Counsel should have raised, he now has in the very same

---

[41] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) ("If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options,' that decision is 'virtually unchallengeable'…").

[42] Def.'s Amended PRC Mot. at 8.

[43] *See Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015) (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)) (one claiming ineffective assistance "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness").

procedural posture. Each has failed. Perforce, therefore, Mr. Walsh cannot demonstrate a reasonable probability that PCR Counsel's conduct caused a negative outcome that would not otherwise have been reached here.[44] And because Mr. Walsh cannot demonstrate such prejudice, any conjected infectiveness claim against PCR Counsel must fail.[45]

(21)  Having reviewed the record carefully, the Court has concluded that Mr. Walsh's postconviction claims are without merit. Accordingly, his Motion for Postconviction Relief is **DENIED**

**SO ORDERED this 26th day of September, 2018.**

**Paul R. Wallace, Judge**

Original to Prothonotary

cc:  Howard A. Walsh
Zachary Rosen, Deputy Attorney General
Ralph D. Wilkinson, Esquire
R. Joseph Hrubiec, Esquire

---

[44]  *See Flamer v. State,* 585 A.2d 736, 755-56 (Del. 1990) (there must be a reasonable probability that counsel's advice or conduct caused a different outcome than otherwise would have been reached).

[45]  *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *Swan v. State,* 28 A.3d 362, 383 (Del. 2011) (observing that *Strickland* requires that an inmate make both showings – deficient performance and prejudice – and "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'") (quoting *Strickland,* 466 U.S. at 697).