**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case ID No.: 1505020908A |
| | ) | |
| | ) | |
| | ) | |
| JAVON T. CANNON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: August 31, 2018
Decided: November 20, 2018

*Upon Consideration of Defendant Javon Cannon's Motion for
Postconviction Relief,*
**DENIED.**

Javon T. Cannon, Wilmington, DE. *Self-represented Defendant.*

Eric H. Zubrow, Esquire, Department of Justice, Wilmington, Delaware. *Attorney
for the State.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 20th day of November, 2018, upon consideration of Defendant Javon T. Cannon ("Defendant")'s Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.     On May 25, 2016, a jury returned verdicts of guilt against Defendant for Possession of a Firearm During the Commission of a Felony ("PFDCF"), Reckless Endangering in the First Degree, Disregarding a Police Signal, and several traffic offenses.[1] Defendant appealed his convictions.

2.     On appeal, Defendant argued that during the State's closing and rebuttal arguments, the prosecutor engaged in misconduct that was prejudicial and warranted a new trial.[2] First, he argued that the prosecutor's statement that he was "not going to lie" to the jury, which occurred during the State's closing argument, was improper.[3] He also argued that the prosecutor's demonstration which included placing a bullet on his counsel table and blowing on it to suggest movement of the

---

[1] For PFDCF, Defendant was sentenced to six years at supervision Level V.  As to Reckless Endangering in the First Degree, Defendant was sentenced to five years at supervision Level V, suspended for two years and six months at supervision Level IV.  For Disregarding a Police Signal, Defendant was sentenced to two years at supervision Level V, suspended for one year at supervision Level III.

[2] *Cannon v. State*, 165 A.3d 288, 2017 WL 2653004, *1 (Del. June 19, 2017) (TABLE).

[3] *Id.* at *2.

ammunition—not established by the record—was prejudicial misconduct.[4] On June 18, 2017, the Delaware Supreme Court affirmed the convictions and held that the prosecutor's statement did not rise to the level of prosecutorial misconduct and, although the prosecutor's demonstration with the bullet was improper, it was deemed harmless error and not repetitive misconduct.[5]

3. On August 10, 2017, Defendant timely filed this first Motion for Postconviction Relief.[6] Defendant argues the three following grounds for relief: (1) that the State did not present sufficient evidence for a guilty verdict; (2) "ineffective assistance of counsel," that his attorney "failed to effectively cross examine state witnesses on fingerprint and DNA analysis which was prejudicial to [him] under Strickland;" and (3) "prosecutorial misconduct," that the prosecutor's statement during closing and his demonstrative use of a bullet during rebuttal, were prejudicial and warrant a new trial.[7]

### Standard of Review

4. Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of

---

[4] *Cannon*, 2017 WL 2653004, at *3.

[5] *Id.* at *2-3.

[6] *See* D.I. #34 (Del. Super. Aug. 10, 2017) [hereinafter Def. Rule 61 Mot.].

[7] Def. Rule 61 Mot., at 3-4.

conviction. . . ."[8] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[9] The procedural "bars" of Rule 61 are: timeliness,[10] repetitiveness,[11] procedural default,[12] and former adjudication.[13] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[14] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[15]

---

[8] DEL. SUPER. CT. CRIM. R. 61(a)(1). *See, e.g., Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (TABLE) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (TABLE)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[9] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)). *See* Rule 61(i) (setting forth Rule 61's procedural bars).

[10] DEL. SUPER. CT. CRIM. R. 61(i)(1). *See, e.g., Evick v. State*, 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[11] DEL. SUPER. CT. CRIM. R. 61(i)(2). *See, e.g., Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[12] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[13] DEL. SUPER. CT. CRIM. R. 61(i)(4).

[14] DEL. SUPER. CT. CRIM. R. 61(i)(5). *See, e.g., Evick*, 2017 WL 1020456, at *1 (discussing 2017 version of Rule 61(i)(5); holding untimely Rule 61 motion procedurally barred and defendant did not show entitlement to relief under Rule 61(i)(5)).

[15] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

### *Procedural Bars*

5.    As an initial matter, Defendant's Motion was timely filed under Rule 61(i)(1).[16] Defendant's conviction was affirmed by the Supreme Court on June 18, 2017.[17] Defendant filed this Motion on August 10, 2017. Therefore, Defendant's Motion was timely filed under Rule 61(i)(1).

6.    Defendant's first claim argues that the State did not produce sufficient evidence to meet its burden of proving a defendant guilty beyond a reasonable doubt.[18] Rule 61(i)(3) states that a ground for relief is barred if it "was not asserted in the proceedings leading to the judgment of conviction."[19] This claim is barred as procedurally defaulted under Rule 61(i)(3) because Defendant did not assert it in "the proceedings leading to the judgment of conviction" nor in his direct appeal.[20] Further, Defendant does not meet the exception to this procedural bar under Rule

---

[16] DEL. SUPER. CT. CRIM. R. 61(i)(1) ("A motion for postconvinction relief may not be filed more than one year after the judgment of conviction is final…").

[17] DEL. SUPER. CT. CRIM. R. 61(m)(2) (stating that judgment of conviction is final for purposes of Rule 61 when Supreme Court issues a mandate or order determining the case on direct review if defendant files direct appeal).

[18] Def. Rule 61 Mot., at 3-4.

[19] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[20] *See, e.g., State v. Payne*, 2017 WL 325177, at *6 (Del. Super. Jan. 18, 2017) (finding that defendant's insufficiency of evidence argument is barred under Rule 61(i)(3) because it was not raised on direct appeal); *State v. Brown*, 2008 WL 555921, at *2 (Del. Super. Feb. 28, 2008).

61(i)(3)(A) and (B) because he does not show "cause for relief from the procedural default" nor prejudice from the violation of his rights.[21]

7.     His second claim asserts ineffective assistance of counsel. Generally, an ineffective assistance of counsel claim is not raised on direct appeal and is properly asserted in a defendant's first postconviction relief motion.[22] Therefore, this claim is not procedurally barred and will be addressed on its merits below.

8.     Defendant's final claim of prosecutorial misconduct is not new. Specifically, he claims that the State engaged in misconduct when the prosecutor made a statement to the jury during closing argument that he was "not going to lie" to them, and when he conducted a demonstration with ammunition during the State's rebuttal argument.[23] Under Rule 61(i)(4), a ground for relief is barred if it was formerly adjudicated, which includes in the proceedings leading to the judgment of conviction, in an appeal, in a postconvinction proceeding, or in a federal habeas.[24] This claim has been previously considered and rejected by the Delaware Supreme

---

[21] DEL. SUPER. CT. CRIM. R. 61(i)(3).

[22] *See e.g.*, *Payne*, 2017 WL 325177, at *3; *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009).

[23] Def. Rule 61 Mot., at 3-4.

[24] DEL. SUPER. CT. CRIM. R. 61(i)(4).

6

Court on direct appeal.[25] Therefore, Defendant's claim related to prosecutorial misconduct is procedurally barred under Rule 61(i)(4).[26]

9. Furthermore, Defendant does not satisfy Rule 61(i)(5) in order to obtain relief from his procedural bars. Rule 61(i)(5) states: "The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[27] Rule 61(d)(2) provides relief if Defendant's motion either: "(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity" a new retroactive rule of constitutional law that applies to his sentence.[28] Defendant does not plead the applicability of a new retroactive rule of constitutional law. Under Rule 61(d)(2)(i), Defendant also does not plead with particularity new evidence that creates a strong inference that he "is actually

---

[25] *See generally Cannon*, 2017 WL 2653004.

[26] *See, e.g., Ringgold v. State*, 103 A.3d 515, 2014 WL 5315349, at *2 (Del. Oct. 17, 2014) (TABLE) (discussing Superior Court's determination that some claims were procedurally barred because they were raised and rejected on direct appeal).

[27] DEL. SUPER. CT. CRIM. R. 61(i)(5).

[28] DEL. SUPER. CT. CRIM. R. 61(d)(2).

7

innocent in fact of the acts underlying the charges of which he was convicted."[29] Thus the only remaining ground is his claim for ineffective assistance of counsel.

### *Ineffective Assistance of Counsel*

10.   In order for a defendant to prevail on an ineffective assistance of counsel claim, he must satisfy the two-prong test from *Strickland v. Washington*.[30] The defendant must prove "that trial counsel's performance was objectively unreasonable and that the defendant was prejudiced as a result."[31] Under the first prong, a defendant must show that "counsel's representation fell below an objective standard of reasonableness."[32] To prove this standard, a defendant bears a heavy burden.[33] There is a strong presumption that the trial counsel's representation was professionally reasonable, which the defendant must overcome to establish a claim of ineffective assistance of counsel.[34] Under the second prong, "if counsel was deficient, there must be a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[35] A

---

[29] DEL. SUPER. CT. CRIM. R. 61(d)(2)(i).

[30] 466 U.S. 668 (1984).

[31] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland*, 466 U.S. at 694).

[32] *Cooke*, 977 A.2d at 848 (quoting *Strickland*, 466 U.S. at 688).

[33] *Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997).

[34] *Id.*

[35] *Cooke*, 977 A.2d at 848 (quoting *Strickland*, 466 U.S. at 694).

reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."[36] Additionally, when an "attorney makes a strategic choice after thorough investigation of law and facts relevant to the plausible options, that decision is virtually unchangeable...."[37] The trial court's function is not "to second-guess reasonable trial tactics."[38]

11. Defendant argues that counsel "failed to effectively cross-examine state witnesses on fingerprint and DNA analysis which was prejudicial to [him] under Strickland."[39] The Court expanded the record and his trial counsel ("Counsel") submitted an affidavit in response to Defendant's Motion. Counsel describes his strategy of weaving the lack of forensic evidence throughout trial in an attempt to establish reasonable doubt in the minds of the jury.[40] He stated during his opening statement that the jury would not see Defendant's fingerprints on the gun, but rather that the evidence would show that another person's DNA was found on the gun.[41] Counsel further explained that as to Officer Landis's cross-examination, "it would

---

[36] *Strickland*, 466 U.S. at 694.

[37] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (quoting *Ploof v. State*, 75 A.3d 840, 852 (Del. 2013)).

[38] *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Apr. 1, 2002).

[39] Def. Rule 61 Mot., at 3.

[40] D.I. # 38 (Del. Super. Apr. 27, 2018) [hereinafter "Aff. of Trial Counsel"].

[41] Aff. of Trial Counsel at 2.

be counterproductive to challenge the procedures" used to ensure that the gun and ammunition were not contaminated because someone else's DNA was located on the gun.[42] He also states that he made a strategic decision not to engage in an extensive cross-examination of Officer McCabe in order to leave the jury with the "headline" of his testimony that if Defendant had ever touched the gun, then his DNA would have been left on it.[43] Counsel describes that the strategic purpose of his cross examination was "to add to the lack of fingerprint evidence by indicating that there would be other circumstantial evidence available that the gun was recently thrown that was not present in this case."[44]

12. To challenge the DNA expert's testimony, Counsel decided the better approach was to use basic demographics to have the expert explain the commonality of DNA profile attributes found on trigger and trigger guards. This approach allowed him to highlight that the DNA found could have been Defendant's or that of over fifty-thousand other African Americans in Delaware.[45] Finally, Counsel

---

[42] Aff. of Trial Counsel at 2.

[43] *See id.* at 2-3.

[44] *Id.* at 3.

[45] Aff. of Trial Counsel at 4.

asserts that he was able to fully argue the lack of forensic evidence as established during both direct and cross-examinations.[46]

13. Under Rule 61(g)(3), Defendant provided a reply to Counsel's Affidavit.[47] Defendant claims that Counsel "failed to express...[that his] DNA was not found on any of the 22 rounds...[or] anywhere on [the] firearm...[that] someone else's DNA was found [on the firearm]...[that] no wittness (sic) during trial ever testified to whether there were others in the vehicle...and [that his] DNA would not be on [the] trigger or guard because it is illogical that anyone would throw a gun by the trigger during a high speed chase."[48] His reply is not persuasive.

14. Here, Counsel's trial strategy was to produce reasonable doubt in the minds of the jury related to the lack of forensic evidence. Counsel's cross-examinations of witnesses provided him with the ability to state in his closing argument that Defendant's DNA was not found on portions of the firearm or the ammunition. Trial counsel's "decision as to how to cross-examine a witness is a tactical decision which deserves great weight and deference."[49] This Court finds that Defendant cannot show that counsel's representation fell below an objective

---

[46] Aff. of Trial Counsel at 4-5.

[47] D.I. #41 (Del. Super. Sept. 5, 2018) [hereinafter "Def.'s Reply"].

[48] Def.'s Reply.

[49] *State v. Ellerbe*, 2016 WL 4119863, at *3 (Del. Super. Aug. 2, 2016) (citations omitted).

11

standard of reasonableness. And Defendant cannot overcome the strong presumption that Counsel's conduct "constituted sound trial strategy" and that Counsel acted reasonably.[50]

15. Further, Defendant has not proven that he was prejudiced as a result of Counsel's allegedly deficient performance. Defendant has not demonstrated how a more elaborate cross-examination of witnesses would have resulted in a different outcome.[51] Therefore, Defendant cannot succeed on an ineffective assistance of counsel claim.

### *Conclusion*

16. Defendant's first and third claims in his Motion are procedurally barred pursuant to Rule 61(i)(3) and (4). Defendant's second claim for ineffective assistance of counsel fails as he has not established that Counsel's representation fell below an objective standard of reasonableness or that he was prejudiced as a result. For the foregoing reasons, Defendant's Motion for Postconvinction Relief is **DENIED**.

Vivian L. Medinilla
Judge

---

[50] *State v. Walsh*, 2018 WL 4638010, at *4 (Del. Super. Sept. 26, 2018) (citing *Strickland*, 466 U.S. at 689; *Flamer v. State*, 585 A.2d 736, 753-54 (Del. 1990)).

[51] *See e.g., Ellerbe*, 2016 WL 4119863, at *4.

12

oc:   Prothonotary
cc:   Defendant
       Kevin P. Tray, Esquire
       Department of Justice
       Investigative Services Office