# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **Crim. ID No. 1406020386** |
| | ) | |
| **v.** | ) | |
| | ) | **Cr. A. Nos. IN 14-07-0530, etc.** |
| | ) | |
| **BERNARD ELLERBE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: June 2, 2016
Decided: August 2, 2016

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 2nd day of August, 2016, upon consideration of the Defendant Bernard Ellerbe's ("Ellerbe") Motion for Postconviction Relief (D.I. 48); the State's Response thereto (D.I. 50); his trial counsel's affidavit (D.I. 47); Ellerbe's Reply Letter (D.I. 51); and the record in this matter, it appears to the Court that:

(1)    On June 25, 2014, New Castle County Police Detective Mark Grajewski, Drug Enforcement Administration (DEA) Task Force Officer Michael Cornbrooks, and DEA Special Agent Dave Hughes met in a restaurant's parking lot to discuss a surveillance operation.[1]  Unrelated to their operation, the officers noticed a white car that was occupied by two individuals pull in.  Moments later a black Chevy Malibu entered the lot, circled around as if looking for someone, then

---

[1]    Jan. 29, 2015 Tr. Test. at 57-59.

pulled directly next to the white car.[2] Each vehicle rolled down its window and the drivers brought their hands together as if to exchange something.[3] The white car drove away, while police observed the black car's driver – later identified as Ellerbe – counting money.[4] At that point, officers suspected a drug transaction had occurred and decided to stop Ellerbe for further investigation.[5] The officers, each in his own unmarked car, followed Ellerbe out of the parking lot.[6]

(2)  Officer Cornbrooks initiated his emergency lights and Ellerbe pulled over onto the road's shoulder.[7] But as soon as Officer Cornbrooks approached the car, Ellerbe sped away.[8]

(3)  Ellerbe then led police on a high speed chase, which ultimately resulted in him losing control of his car and striking a tree.[9] Officers began to remove Ellerbe, who was not seriously injured, from the wreckage and found a

---

[2]     *Id.* at 61-63.

[3]     *Id.* at 63.

[4]     *Id.* at 64.

[5]     *Id.* at 64-65.

[6]     *Id.*

[7]     *Id.* at 67, 99.

[8]     *Id.* at 100.

[9]     *Id.* at 108-115.

ripped bag containing twenty bundles, or more than 260 individual bags, of heroin on his lap, as well as approximately $12,000 cash in his pocket.[10]

(4)     Ellerbe was indicted by a grand jury on eleven charges related to drug possession and police evasion. A two-day jury trial was conducted in late January 2015. Michael C. Heyden, Esquire ("Heyden") represented Ellerbe throughout the trial. The jury found Ellerbe guilty of Drug Dealing, Aggravated Possession of Heroin, Possession of Drug Paraphernalia, Reckless Endangering in the First Degree (two counts), Disregarding a Police Officer's Signal, and Reckless Driving.[11] After a pre-sentence investigation was prepared, the Court sentenced Ellerbe to eighteen years of imprisonment followed by diminishing levels of partial confinement and probationary supervision.[12]

(5)     Heyden filed a Notice of Appeal to the Delaware Supreme Court on Ellerbe's behalf, but it was voluntarily dismissed,[13] so that Ellerbe's new (and

---

[10]     *Id.* at 116-117.

[11]     *See* DEL. CODE ANN. tit. 16, § 4752(2) (2014) (drug dealing); *id.* at § 4752(4) (aggravated possession); *id.* at § 4771 (possession of drug paraphernalia); *id.* at tit. 11, § 604 (reckless endangering in the first degree); *id.* at tit. 21, § 4103(b) (disregarding a police officer's signal); and *id.* at § 4175(a) (reckless driving).

On the first day of trial, the State entered a *nolle prosequi* on five additional charges brought in the June 26, 2014 indictment. *See* Def.'s Mot. at 2 n.7.

[12]     Sentencing Order, *State v. Bernard Ellerbe*, ID Nos. 1406020386 and 1306016966 (Del. Super. Ct. June 3, 2015).

[13]     Not. of Dismissal, *Ellerbe v. State*, No. 324, 2015 (June 26, 2015).

present) counsel could file his appeal.[14] On September 25, 2015, Ellerbe again voluntarily dismissed his direct appeal.

(6) This amended motion is Ellebe's first and timely motion for postconviction relief.[15] He raises a single claim alleging ineffective assistance of counsel. Specifically, Ellerbe seeks vacatur of his conviction and a new trial because, in his estimation, his trial counsel, Heyden, was constitutionally ineffective when cross-examining one of the State's witnesses, Ms. Tara Rossy ("Rossy").[16]

(7) DEA Forensic Chemist Rossy testified regarding her December 2014 analysis of the heroin seized from Ellerbe and his car.[17] Rossy tested the seized items and concluded that the substance was heroin totaling 3.8 grams.[18]

(8) Prior to trial, the State revealed that Rossy had tested positive for benzodiazepine on November 21, 2013, during a random DEA employee drug

---

[14] Not. of Appeal, *Bernard Ellerbe v. State*, No. 330, 2015 (Del. filed June 25, 2015). While his direct appeal was pending, Ellerbe filed a *pro se* sentence reduction motion; the Court deferred decision on that application until Ellerbe's appeal finalized. Order, *State v. Bernard Ellerbe*, ID Nos. 1406020386 and 1306016966 (Del. Super. Ct. Sept. 4, 2015) (staying and deferring decision on Ellerbe's Rule 35(b) motion until disposition of his pending appeal).

[15] On December 18, 2015, present counsel filed Ellerbe's motion for postconviction relief (D.I. 43) that has since been supplemented and amended to its current form. (D.I. 45 & 47).

[16] Def.'s Mot. for Post Conviction Relief ("Def.'s Mot.") at 18-24; Def.'s Reply Ltr. (June 2, 2016).

[17] Jan. 30, 2015 Tr. Test. at 3-39.

[18] *Id.* at 32-33.

test.[19] Heyden explored this issue outside the presence of the jury via *voir dire*.[20] Rossy testified that immediately prior to her positive test, she had failed to wear a protective mask while analyzing a 576-kilo cocaine specimen in an unrelated matter.[21] In response to this violation, the DEA suspended Rossy from her position for two days without pay.[22] At the time of trial, Rossy was awaiting the results of her appeal of that administrative decision.[23] No allegations of wrongdoing were made against Rossy in the present case.

(9) Ellerbe now contends that Heyden did not effectively cross-examine Rossy regarding her prior disciplinary record for purposes of impeachment under Delaware Rules of Evidence 608(b) or 403.[24] According to Ellerbe, because Heyden did not bring the disciplinary action to the jury's attention, the jury was

---

[19] *Id.* at 8-9.

[20] *See id* at 3-25.

[21] *Id.* at 7-10.

[22] *Id.*

[23] *Id.*

[24] Def.'s Mot. at 20-21. *See also* D.R.E. 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . ."); D.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.").

.

"unable to fully evaluate her credibility at trial."[25] According to Ellerbe, this failure was an unreasonable trial strategy that unfairly prejudiced him, and had the jury heard this evidence, the outcome of his trial would have been different.

(10) In order to prevail on a claim for ineffective assistance of counsel pursuant to Superior Court Criminal Rule 61, Ellerbe must show both: (a) that Heyden's representation fell below an objective standard of reasonableness, and (b) that there is a reasonable probability that but for Heyden's errors, the result of the proceeding would have been different.[26] Ellerbe may not rely on conclusory statements of ineffective assistance; instead he must plead his allegations of prejudice with particularity.[27] In evaluating this claim, the Court is mindful that there is a strong presumption that the trial counsel's representation was reasonable,[28] and that "[i]t is not this Court's function to second-guess reasonable trial tactics."[29] Ellerbe fails to carry his burden to establish either showing required by the ineffective assistance of counsel test.

---

[25]     Def.'s Mot. at 22.

[26]     *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

[27]     *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[28]     *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[29]     *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002); *Burns v. State*, 76 A.3d 780, 788 (Del. 2013) ("It should be noted that even evidence of '[i]solated

-6-

(11) First, Heyden's decision not to cross-examine Ms. Rossy on her prior disciplinary record was objectively reasonable.[30] An attorney's decision as to how to cross-examine a witness is a tactical decision which deserves great weight and deference.[31] Heyden thoroughly explored Rossy's disciplinary action during *voir dire*. From this testimony, it was reasonable for Heyden to conclude that Rossy's 2013 safety violation – which reflected little as to the validity of the testing itself and took place over one year prior to her involvement with Ellerbe's case – was was of little value.[32] Ellerbe has thus failed to overcome the strong presumption

---

poor strategy, inexperience, or bad tactics do[es] not necessarily amount to ineffectiveassistance of counsel.'").

[30] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) ("If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options,' that decision is 'virtually unchallengeable' . . .").

[31] *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) ("Whether to call a witness, and how to cross-examine those who are called are tactical decisions."); *Shelton v. State*, 744 A.2d 465, 479 (Del. 1999) ("So long as the decision to cross-examine is made reasonably, it will not constitute a basis for a claim of ineffective assistance of counsel."); *State v. Hamby*, 2005 WL 914462, at *3 (Del. Super. Ct. Mar. 14, 2005) (finding that attorney's decision not to cross-examine sole witness regarding her alleged alcohol problem was "professionally sound").

[32] Heyden Aff. at ¶ 2 (stating that "[t]here was no testimony showing that the event had any impact on the testing in this case" and concluding that the "unrelated event . . . did not have any probative value concerning the test results in the present case.").

that Heyden acted reasonably[33] and on that basis alone his ineffectiveness claim must fail.[34]

(12)    Second, however, Ellerbe also has failed to demonstrate that the Court would have permitted the cross-examination in question or that the testimony would have resulted in a different outcome at trial.[35]    After conducting *voir dire*, the Court observed that the probative value of questioning Rossy on this issue would have been substantially outweighed by the danger of unfair prejudice, and thus, likely inadmissible.[36]    The record does not reflect that Rossy failed to follow any DEA testing protocol or other applicable standards in Ellerbe's particular case. Her failure to follow a safety standard over a year prior would have had minimal, if any, impact on the jury's consideration.    Moreover, it is unlikely that Rossy's

[33]    *Burns v. State*, 76 A.3d 780, 788 (Del. 2013) ("Under *Strickland*, the strategic decisions made by counsel are entitled to a strong presumption of reasonableness.").

[34]    *See State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("To restate the requirements of *Strickland*, a defendant must establish two things, not just one: that trial counsel's performance was deficient **and** that but for that deficiency, the outcome of the proceedings would have been different. If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.") (emphasis in original).

[35]    *See Ploof v. State*, 75 A.3d 811, 828-29 (Del. 2013) (concluding that murder defendant's claim regarding his trial attorney's decision to cross-examine State's witness in a way that was allegedly inconsistent with defendant's theory, even when combined with other purported errors, fell far short of establishing a reasonable probability of a different result).

[36]    *See* Jan. 30, 2015 Tr. Test. at 23-25 ("I think that's [Heyden's decision to forego seeking admission of this evidence] appropriate after hearing the entirety of it.   Under Rule 403, I do believe that the probative value would be substantially outweighed by the danger of unfair prejudice in this particular case, mainly confusing the issues and really trying to have some mini trial of a personnel matter that hasn't even been fully determined yet.").

additional testimony would have overcome the overwhelming evidence against Ellerbe, including: the Officers' visual observations of the drug transaction between Ellerbe and the white car, Ellerbe's high-speed evasion of police, the large amount of heroin found on Ellerbe's lap when pulled from the car, and the large amount of cash found on his person. With no specifics offered as to how the additional cross-examination now suggested would have changed the outcome of the trial, Ellerbe cannot succeed on a claim of ineffective assistance of counsel.[37]

(13) Ellerbe has not shown that Heyden's representation fell below an objective standard of reasonableness or that, but for Heyden's alleged errors, there is a reasonable probability that his trial would have been different. Accordingly, Ellerbe's Amended Motion for Postconviction Relief must be **DENIED.**

**SO ORDERED this 2nd day of August, 2016.**

PAUL R. WALLACE, JUDGE

---

[37] *See Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015) (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)) (one claiming ineffective assistance "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness"); *see also Ploof*, 75 A.3d at 825 ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *Swan v. State*, 28 A.3d 362, 383 (Del. 2011) (observing that *Strickland* requires that an inmate make both showings – deficient performance and prejudice – and "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'") (quoting *Strickland*, 466 U.S. at 697).

Original to Prothonotary

cc: Bernard Ellerbe
Mark A. Denney, Jr., Deputy Attorney General
Patrick J. Collins, Esquire
Colleen E. Durkin, Esquire
Michael C. Heyden, Esquire