# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | **ID No. 1404000692** |
| | ) | **Cr. A. Nos. IN14-12-1394, etc.** |
| ALEX RYLE, | ) | |
| Defendant. | ) | |

Submitted: August 12, 2019
Decided: October 21, 2019

## ORDER

*Upon Defendant Alex Ryle's Motion for Postconviction Relief*
**DENIED.**

This 21st day of October, 2019, upon consideration of the Defendant Alex Ryle's *Pro Se* Motion for Postconviction Relief and his numerous supplements thereto (D.I. 89, 90, 106, 108, 113, 120, 122), the Commissioner's Report and Recommendation that Mr. Ryle's *Pro Se* Motion for Postconviction Relief should be **DENIED** and Postconviction Counsel Edward F. Eaton, Esquire's Motion to Withdraw should be **GRANTED** (D.I. 119), and the record in this case, it appears to the Court that:

(1)     In February 2015, following a two-day trial, a Superior Court jury convicted Alex Ryle of Possession of a Firearm By a Person Prohibited ("PFBPP"), Possession of Ammunition By a Person Prohibited ("PABPP"), and Carrying a

- 1 -

Concealed Deadly Weapon ("CCDW-Firearm").[1] Mr. Ryle conducted his trial *pro se*.[2]

(2) Mr. Ryle's sentencing occurred in October 2015, after: (a) he prosecuted an unsuccessful *pro se* motion for a new trial;[3] (b) he was (at his request) re-appointed counsel for sentencing; (c) a pre-sentence investigative report was prepared; and (d) the State had filed a habitual criminal petition.[4] Mr. Ryle was sentenced to the minimum required for the PFBPP and CCDW-Firearm: 23 years at Level V to be served under the provisions of the then-extant Habitual Criminal Act.[5]

---

[1] DEL. CODE ANN. tit. 11, § 1448 (2013) (defining the crimes of PFBPP and PABPP); *id.* at § 1442 (carrying a concealed firearm).

[2] *See State v. Ryle*, 2015 WL 5004903, at *1 (Del. Super. Ct. Aug. 14, 2015) ("*Ryle I*") (recounting the facts of the crimes and procedural history that led to Mr. Ryle's convictions); *Ryle v. State*, 2016 WL 5929952, *1-2 (Del. Oct. 11, 2016) ("*Ryle II*") (same).

[3] *Ryle I*, 2015 WL 5004903.

[4] DEL. CODE ANN. tit. 11, § 4214(a) (2013) (providing that a person who had been thrice previously convicted of a felony and was thereafter convicted of another felony could be declared a habitual criminal; the Court could then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[5] *Id.* (any person sentenced under then-existing § 4214(a) had to receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony for which the State via its petition sought application of the Habitual Criminal Act); DEL. CODE ANN. tit. 11, §§ 1448(c) and (e)(1), 4201(c) and 4205(b)(3) (2013) (PFBPP by one who committed a prior violent felony was, at the time of Mr. Ryle's sentencing, a class C violent felony carrying a statutory maximum of 15 years imprisonment); DEL. CODE ANN. tit. 11, §§ 1442, 4201(c) and 4205(b)(4) (2013) (CCDW-Firearm was, at the time of Mr. Ryle's sentencing, a class D violent felony with an eight-year statutory maximum); DEL. CODE ANN. tit. 11, § 3901(d) (2013) (prohibiting, at the time of Mr. Ryle's sentencing, imposition of concurrent incarcerative terms for PFBPP due to a prior violent felony and any other crime.)

For the ammunition count, he received eight years at Level V that was suspended in whole for lower and diminishing levels of supervision.[6]

(3)     Mr. Ryle retained new counsel and filed a direct appeal to the Delaware Supreme Court arguing that this Court—though it repeatedly advised him of the dangers of doing so—should not have permitted him to proceed *pro se* at trial.[7] The Supreme Court found Mr. Ryle's claims lacked merit (*i.e.*, that this Court properly authorized and honored his waiver of counsel) and affirmed this Court's judgments of conviction and sentence.[8]

(4)     Mr. Ryle filed a timely *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.[9] He also requested appointment of postconviction counsel.[10] The Court granted Mr. Ryle's motion for appointment of counsel and that attorney was given leave to adopt and freely amend Mr. Ryle's *pro se* Rule 61 motion.[11]

---

[6]     Sentencing Order, *State v. Alex Ryle*, ID No. 1404000692 (Del. Super. Ct. Oct. 11, 2015).

[7]     *Ryle II*, 2016 WL 5929952, *1.

[8]     *Id.* at *3.

[9]     D.I. 89.

[10]     D.I. 90.

[11]     D.I. 99.

(5)    Mr. Ryle's assigned attorney, invoking Superior Court Criminal Rule 61(e)(6), filed a motion to withdraw as postconviction counsel.[12]  In his motion to withdraw, Mr. Ryle's postconviction counsel represented that, after undertaking a thorough analysis of Mr. Ryle's claims and the record in his case, counsel had determined that:  (a) Mr. Ryle's proposed claims are so lacking in merit that counsel could not ethically advocate any of them; and (b) that counsel, upon his own independent review, found no other meritorious postconviction claims.[13]  Mr. Ryle supplemented his issues/points for consideration,[14] the State filed its response,[15] Mr. Ryle replied,[16] and the State was given an opportunity to answer Mr. Ryle's additional claims raised in that reply.[17]

(6)    After receiving all of the foregoing, Mr. Ryle's postconviction matter was referred to Superior Court Commissioner Janine M. Salomone in accordance with 10 *Del. C.* §512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.[18]

---

[12]    Super. Ct. Crim. R. 61(e)(6).

[13]    D.I. 102 and 103.

[14]    D.I. 106 and 108.

[15]    D.I. 110.

[16]    D.I. 113.

[17]    D.I. 114 and 115.

[18]    D.I. 117.

(7)     The Commissioner filed her Report and Recommendation in June 2019. The Commissioner recommended that the Court deny Mr. Ryle's Motion for Postconviction Relief.[19]

(8)     "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[20] Mr. Ryle filed his objections[21] and that State filed its response thereto.[22]

(9)     All but one of Mr. Ryle's objections are conclusory statements, comprised of only general assertions that the Commissioner ought to have recommended relief or failed to address some unspecified contention in his myriad arguments.[23] One filing objections to a Commissioner's proposed findings of fact and recommendations must "set forth with particularity the basis for the

---

[19]     *State v. Ryle*, 2019 WL 2714817 (Del. Super. Ct. June 27, 2019).

[20]     Super. Ct. Crim. R. 62(a)(5)(ii).

[21]     D.I. 120.

[22]     D.I. 121. *See* Super. Ct. Crim. R. 62(a)(5)(ii) (a party may file a written response to any written objections filed under this rule). Ryle suggests the Court should strike the State's response as untimely. (D.I. 122). The Court will not, as Mr. Ryle requests, "strike" the State's response to those objections as untimely. (D.I. 122). *See, e.g., Tilghman v. State*, 2002 WL 311070754, at *1 (Del. Sept. 19, 2002) (Court may permit extensions to file responses in postconviction matters, particularly when there has been no showing of prejudice).

[23]     D.I. 120 at 1-2.

objections."[24] Mr. Ryle failed to do so here. The Court, therefore, need not and will not sort out and individually address his several vague objections.[25]

(10) The sole specific issue Mr. Ryle develops in his objections is his claim that appellate counsel was ineffective for failing to challenge this Court's trial rulings on certain alleged "discovery violations."[26]

(11) Any inmate who claims ineffective assistance of counsel must demonstrate that: (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[27] In order to succeed in demonstrating that his appellate counsel was constitutionally ineffective, Ryle "must[, at very least,] first show that his counsel was objectively unreasonable in failing to find . . . and to file a merits brief raising" a nonfrivolous appellate issue.[28] In addition, Ryle must demonstrate that counsel's allegedly

---

[24] Super. Ct. Crim. R. 62(a)(5)(ii).

[25] Super. Ct. Crim. R. 62(b) ("A party . . . appealing the findings of fact and recommendations of a Commissioner . . . who fails to comply with the provisions of this rule may be subject to dismissal of said . . . appeal.").

[26] D.I. 120 at 1-2.

[27] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

[28] *Neal v. State*, 80 A.3d 935, 946 (Del. 2013) (quoting *Smith v. Robbins*, 528 U.S. 259, 285 (2000)) (observing also, however, that appellate counsel "'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal'").

deficient performance caused prejudice—"'[t]hat is, [Ryle] must show a reasonable probability that, but for his appellate counsel's unreasonable failure to [file a particular claim], he would have prevailed on his appeal."[29] And Mr. Ryle cannot obtain postconviction relief unless he adequately establishes both: objectively unreasonable performance and sufficient resulting prejudice.[30] He can demonstrate neither.

(12) The Court thoroughly addressed Mr. Ryle's "discovery" complaints on his new trial motion.[31] As the Court understands his present charge, Mr. Ryle believes that had appellate counsel sought review of the Court's purported failure to impose appropriate "discovery sanctions"—that is, in his view, exclusion of both the firearm found on his person and his recorded statement to the police—appellate counsel surely would have obtained reversal. Not likely.

(13) First, as to those specific items, the Court found no discovery violation occurred.[32] Thus, appellate counsel wasn't unreasonable when he fully examined

---

[29]  *Id.*

[30]  *See, e.g., State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.").

[31]  *Ryle I*, 2015 WL 5004903, at *2-4.

[32]  *Id.*

the record and found no basis to raise any discovery issues on appeal.[33] There is simply no evidence of substandard representation here. And so, on this basis alone Mr. Ryle's claim of ineffective assistance must fail.[34]

(14) Moreover, the Delaware Supreme Court "review[s] a trial judge's application of the Superior Court Rules relating to discovery for an abuse of discretion."[35] So had appellate counsel raised Mr. Ryle's suggested "discovery sanctions" issue on direct appeal, our Supreme Court would have reviewed this Court's rulings for abuse of discretion. In turn, to meet the prejudice standard required here, Mr. Ryle must demonstrate that his appellate counsel would have prevailed under the applicable abuse-of-discretion standard of review. And he can only do so if he can demonstrate that "[t]he likelihood of a different result [on appeal was] substantial, not just conceivable."[36] He can't. For even when "a trial judge finds that the State has [actually] committed a discovery violation, he [or she] has

---

[33] *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) ("If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options,' that decision is 'virtually unchallengeable'…").

[34] *State v. Walsh*, 2018 WL 4638010, at *4 (Del. Super. Ct. Sept. 26, 2018), *aff'd*, 2019 WL 1125882, *3-4 (Del. Mar. 11, 2019).

[35] *Oliver v. State*, 60 A.3d 1093, 1095 (Del. 2013).

[36] *Neal*, 80 A.3d at 946 (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

'broad discretion to fashion the appropriate sanction.'"[37]   Under the abuse-of-discretion standard engaged when reviewing those rulings, our Supreme Court "may only reverse [this] Court's decision if it is found to be clearly erroneous."[38] And under that standard of review, Mr. Ryle hardly demonstrates it is "reasonably likely" the result of his direct appeal would have been reversal.[39]  Because Mr. Ryle cannot demonstrate such prejudice, his ineffectiveness claim against appellate counsel must fail.[40]

(15)  The Court accepts, in whole, the Commissioner's Report and Recommendation.[41]  The Court finds no constitutional or legal basis to doubt the validity of Mr. Ryle's convictions or sentence.  Nor is there a doubt that Mr. Ryle received effective assistance of counsel—when he engaged counsel—in

---

[37]   *Hopkins v. State,* 893 A.2d 922, 927 (Del. 2006) (quoting *Carbrera v. State,* 840 A.2d 1256, 1263 (Del. 2004); *Oliver v. State,* 60 A.3d at 1096 ("A trial judge has broad discretion to fashion an appropriate sanction for a discovery violation.").

[38]   *Seward v. State,* 723 A.2d 365, 374 (Del. 1999).

[39]   *Harrington,* 562 U.S. at 111 (citing *Strickland,* 466 U.S. at 696).

[40]   *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *Swan v. State,* 28 A.3d 362, 383 (Del. 2011) (observing that *Strickland* requires that an inmate make both showings – deficient performance and prejudice – and "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'") (quoting *Strickland,* 466 U.S. at 697).

[41]   *See* Super. Ct. Crim. R. 62(a)(5)(iv) ("A judge may accept, reject, or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner.").

investigating the matter, litigating the issues that counsel had a good faith basis to believe had merit, advocating for him at sentencing, and prosecuting his direct appeal. Mr. Ryle's choice to dismiss counsel pretrial and to litigate his trial *pro se* was a knowing and informed choice made freely, and not compelled due to any deficiency of appointed trial counsel.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated here and in the Commissioner's Report and Recommendation of June 28, 2019, Mr. Ryle's Motion for Postconviction Relief is **DENIED** and Mr. Eaton's Motion to Withdraw is **GRANTED**.[42]

**SO ORDERED this 21st day of October, 2019.**

_____
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:    John S. Taylor, Esquire, Deputy Attorney General
       Edward F. Eaton, Esquire
       Mr. Alex Ryle, Esquire

---

[42] *See* Super. Ct. Crim. R. 61(e)(6)(ii) (setting forth postconviction counsel's duty upon withdrawal).