# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                       )
     **v.**                )       I.D. No. 2005000034
                       )
**JOHN HERBERT,**        )
                       )
**Defendant.**          )

Submitted: February 4, 2025
Decided: May 1, 2025

## ORDER

1.     John Herbert was convicted after a trial on one count of unlawful sexual contact first degree and one count of sexual abuse of a child (his daughter) by a person in a position of trust, authority or supervision. Pursuant to 11 *Del. C.* § 4205A, he was sentenced to a mandatory term of 5 years in prison.

2.     The principal evidence against Mr. Herbert was an interview of the child at the Children's Advocacy Center ("CAC"). In addition, his wife provided background and was the person to whom the child first made the disclosure of sexual contact.

3.     In pretrial proceedings, Herbert attacked the sexual abuse statutes; specifically the term "sexual contact" and its meaning.[1] The Court also made rulings on the admissibility of defense expert testimony, ruling the testimony inadmissible

---

[1] *See State v. Herbert,* 2022 WL 811175, *2-9 (Del. Super. Mar. 17, 2022).

in this case.[2] These rulings and the sentence were appealed and affirmed by the Delaware Supreme Court by Order dated November 17, 2023.[3]

4. On November 13, 2024, Herbert, now appearing *pro se,* filed a motion for relief under Rule 61. The Court requested, and received, an affidavit of Trial Counsel in response to the motion. The allegations of the motion are fairly brief and to the point and the Court hopes to do likewise in its ruling.

5. Herbert first claims that the child witness' grandmother was not called to testify to intimidating emails grandmother sent to Trial Counsel and the prosecutor.[4] The grandmother was not a witness at trial. Trial counsel's affidavit reflects that "the emails were not considered intimidating by me."[5] Trial Counsel states that grandmother was not called because "her proposed testimony was neither helpful nor relevant to the issue."[6] Indeed, Herbert has not proffered what grandmother might have said that would have been relevant and, while we might presume her to have been upset at the allegations of abuse leveled by her grandchild

---

[2] *See State v. Herbert*, 2022 WL 3211004, *2-11 (Del. Super. Aug. 8, 2022).

[3] *Herbert v. State*, 2023 WL 7313383, *1-2 (Del. Nov. 7, 2023).

[4] D.I. 47 Mot. for Postconviction Relief at 3 (Nov. 13, 2024) [hereinafter Mot. for Postconviction Relief].

[5] D.I. 82 Aff. of James E. Liguori in the Matter of Def.'s Mot. for Postconviction Relief ¶ A (Feb. 4, 2025) [hereinafter Trial Counsel's Aff.].

[6] *Id.*

against her son in law, grandmother's state of mind would not have been relevant to any matter being litigated. Herbert has failed to demonstrate prejudice for not calling grandmother as a witness.[7]

6.      Herbert next says "I was interviewed by a third forensic psychologist, Dr. Mechanic, upon Mr. Wynn's demand. His notes not included."[8] The Court ruled that the psychiatric/psychological interviews were inadmissible. Assuming Herbert was interviewed by Dr. Mechanic at the State's request as alleged, that interview would have been relevant only to rebut a defense psychologist, had the defense psychologist been permitted to testify. Since no psychologist was ruled admissible, Herbert was not prejudiced by the fact that "his notes not included."[9]

7.      Herbert's third ground for relief is that the state "showed the jury photos of my uncircumcised penis to sensationalize the issue, despite my openness."[10] While the specific relevance of a photograph of the Defendant's penis might have been open to debate during trial, a Rule 61 motion is directed to those mishaps at trial that may have affected the outcome. An evidentiary ruling over whether a

---

[7] Under *Strickland v. Washington*, "defendant must demonstrate prejudice" to succeed on the merits. *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[8] Mot. for Postconviction Relief at 3.

[9] *Id.*

[10] *Id.*

particular picture should have been admitted is not, generally, such a ruling. The 3-year-old child described Defendant's penis; the photograph of his penis was intended to show its similarity to her description. Whether it actually did so or not, there was an evidentiary basis for its admissibility and a Rule 61 motion is not a place to relitigate such rulings.

8. The next ground for relief alleged is that emails and texts between Herbert and his wife, which would have reflected "her infidelity and my demands for a divorce" were not shown to the jury.[11] As Trial Counsel recounts in his affidavit, however, "the friction between Petitioner and his wife was displayed (through their trial testimony) to the jury."[12] If such emails and texts existed, they may have shown his wife's bias against the Defendant, but they'd have done nothing to undermine his daughter's testimony – and his admission – that daughter had touched his penis on at least two occasions. Confronted with a hostile wife making serious allegations concerning her husband's sexual contact with their daughter, it is certainly within the realm of professional competence to get her off the stand as quickly as possible.[13] There was never a doubt that wife and husband did not get

---

[11] *Id.*

[12] Trial Counsel's Aff. ¶ D.

[13] "If an attorney makes a strategic choice 'after thorough investigation of law and facts relevant to plausible options, that decision is virtually unchallengeable." *Hoskins v. State*, 102 A.3d 724, 730 (Del. 2014) (quoting *Ploof v. State*, 75 A.3d 840, 850 (Del. 2013); citing *Strickland*, 466 U.S. at 690-91)) (internal quotation marks omitted).

along. They were separated at the time of the offenses. Wife was not the Defendant's biggest problem – the child and the CAC interview were, in addition to his admission that she did touch his penis, albeit not for "sexual gratification."

9. Finally, Herbert faults Trial Counsel for "failure to present any of the interviews of my daughter by forensic psychiatrists."[14] Exactly what interviews Herbert is referring to is not elucidated. One defense expert did not interview the child, but rather critiqued the interview done by the CAC – a report the Court ruled inadmissible. The second defense expert opined on the Defendant's state of mind concerning whether the contact was "sexual in nature" and did not reference any interview of the child – also ruled inadmissible. Thus, the record does not support that there were interviews of "my daughter by forensic psychiatrists"[15] and Herbert's motion fails for want of support in the record or elsewhere. Given that the whole point of CAC interviews is to avoid repeated re-traumatization of the child witness through multiple interviews, it is highly unlikely that she was interviewed on multiple occasions by forensic psychiatrists concerning the allegations in the indictment. Trial Counsel's affidavit seems to acknowledge a defense expert interview of the child. But it further notes that "Failure to present the interview of Petitioner's daughter to the defense forensic expert was no longer germane to the

---

[14] Mot. for Postconviction Relief at 3.

[15] *Id.*

5

case at hand per the pretrial rulings and frankly, the daughter's version was consistent and not disputed by Petitioner's own admission." [16]

The Court sees nothing in Defendant's Rule 61 motion that would warrant relief under the Rule and the motion is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:     Prothonotary
        Nicholas R. Wynn, Deputy Attorney General
        James E. Liguori, Esquire
        John A. Herbert (SBI # 00929795)

---

[16] Trial Counsel's Affidavit ¶ F.